```
◇AO 241
(Rev. 12/04)
```

FILED
MAR 14 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Delaware     08 - 153 |
|---|---|
| Name (under which you were convicted):  Fred T. Caldwell | Docket or Case No.: 9804006339. |
| Place of Confinement: Delaware Correctional Center. | Prisoner No.: SBI # 00213476. |
| Petitioner (include the name under which you were convicted) Fred T. Caldwell | Respondent (authorized person having custody of petitioner) v. Perry Phelps. warden D.C.C. |
| The Attorney General of the State of  Delaware, Joseph R. Biden, III, A.G. | |

PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: Kent County Superior court, Kent County Courthouse, 38 The Green, Dover, Delaware, 19901.

    (b) Criminal docket or case number (if you know): Cr. A. no. # IK-98-05-0018, through 0023.

2.  (a) Date of the judgment of conviction (if you know): March, 4th 1999.

    (b) Date of sentencing: Also, March 4th 1999.

3.  Length of sentence: 3 years, level 5. suspended for 9 months, level 5, 1 year at level 3, and 1 year at level 2. probation.

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    1. count of burglary first degree.

6.  (a) What was your plea? (Check one)
    ☐ (1) Not guilty          ☐ (3) Nolo contendere (no contest)
    ☑ (2) Guilty              ☐ (4) Insanity plea

AO 241 (Rev. 12/04)                                                                                           Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_Petitioner plead guilty to one count of burglary first, only (cause) of the promise made, by the state prosecutor which was later breached, and once guilty plea was entered all other counts were nolle prosequi._

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   No

8. Did you appeal from the judgment of conviction?

☐ Yes   No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ☐ Yes   No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 12/04)

    (5) Citation to the case (if you know):

    (6) Grounds raised:

  (h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court: __Kent County Superior Court__

      (2) Docket or case number (if you know): __Id. no.# 9804006339__

      (3) Date of filing (if you know): __December 27th, 2005__

      (4) Nature of the proceeding: __Superior court Rule 61. motion, based on breached promise__

      (5) Grounds raised: __Prosecutor breach of plea agreement promise, made and failure to memorialize terms, which federal law, and 14th amend. due-process requires unclear terms of plea, to be resolved against the state. Petitioner also raised ineffective assistance of counsel, during the plea bargaining process, in failure to have terms of plea promise memorialized, to (ensure fairness) which denied petitioner due-process under state and federal, Rule 11. pleas, in violation of 6th amendment right to effective defence counsel, which prejudiced petitioner by this conviction being used to pursue habitual status in error. Grounds should be heard under Rule 61(i)(5) in the interest of justice, to correct a miscarriage of justice. U.S.C.A. 6, 14th.__

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes    ☑ No

      (7) Result: __Petitioner was entitled to, and requested a hearing, yet none was granted.__

      (8) Date of result (if you know):

AO 241                                                            Page 5
(Rev. 12/04)

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☐ No

        (7) Result:

        (8) Date of result (if you know):

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

AO 241 (Rev. 12/04)                                                                                          Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?     See. A-62 #

(1) First petition:    ☑ Yes    ☐ No
(2) Second petition:  ☐ Yes    ☐ No
(3) Third petition:   ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: State breach of plea agreement promise, and failure to (memorialize) terms of oral contract/promise, to ensure fairness, along with sentencing court ruling contrary to established federal law, in violation of petitioner's rights to due-process, under 14.th Amend. U.S.C., Adopted in error, by state Supreme Court.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Fact is that, The state prosecutor, and defence counsel, made a promise to petitioner that if petitioner plead guilty, this conviction will (never be used) to pursue habitual status, and truth in sentencing guilty plea form is proof that promise exist, and that sentencing court was made aware, that promise was made, not stated within written form, and terms were not memorialized. This oral contract was made on (3-4-99), and then breached on (12-10-03), in a seperate case, when this conviction was used in error, to sentence petitioner as an habitual offender. Fundamentally unfair act, in accepting guilty plea, and not memorializing terms of promise, now in dispute, and failure of sentencing court to resolve terms (against the State) was a violation of 14th Amendment due process. U.S.C. State and federal rule-11. Pleas.

(b) If you did not exhaust your state remedies on Ground One, explain why:

Guilty plea was involuntary (without promise) that was made, and later breached. State breach makes voluntary plea involuntary.

AO 241 (Rev. 12/04)

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: No direct appeal was filed (because) a guilty plea was accepted (only because) of the promise made within the oral contract, which was later breached, once breach occurred properly filled rule 61, was filed within 3 year time frame, and once denied petitioner appealed to state supreme court.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: State post conviction motion, under Rule 61. was filed to challenge breach of oral contract, and due process violation's.

Name and location of the court where the motion or petition was filed: Kent County, Superior Court, 38 The Green, Dover, Delaware 19901.

Docket or case number (if you know): Cr. Id. no.# 9804006339. Cr. A. no. IK 98-05-0018, through 0023.

Date of the court's decision: Commissioners report, 4-5-07 and judges order denied motion on, August, 29th 2007.

Result (attach a copy of the court's opinion or order, if available): See, Appendix (A-59 and A-75). Rule 61, Commissioners report, along with judge withams final order, which adopted that report, and denied state post conviction motion, also State supreme court order, which also adopted commissioners report will all be attached to this petition.

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: SUPREME COURT, of the state of Delaware, in and for Kent County, 55, The Green, Dover, Delaware, 19901. Appeal no.# 478, 2007.

Docket or case number (if you know): Id no.# 9804006339, Appeal no.# 478, 2007.

Date of the court's decision: February, 20th 2008.

Result (attach a copy of the court's opinion or order, if available): State Supreme court order will be attached, dated 2-20-08, Appeal no. 478, 2007.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 12/04)                                                                                                    Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: All state remedies have been exhausted, once plea promise was breached, over four years after original judgement, petitioner filed only state remedy, to challenge breach of promise, which is 1 state rule 61. motion, once denied, an appeal was filed to (state Supreme Court.)

**GROUND TWO:** Ineffective assistance of counsel, during plea bargaining process, in failure to memorialize terms of oral contract/promise made, to ensure fairness, in violation of state/federal rule 11. pleas, U.S.C. 6th Amendment right, and prejudiced occurred by erroneously use to enhance, which denied

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
On 3-4-99, defence counsel made a promise to petitioner, as part of the plea agreement, that this conviction would never be used to pursue habitual status against petitioner, and on 12-10-03, within a separate case that "oral contract", was breached by the state, the terms of oral contract were not memorialized by defence counsel the prosecutor or the sentencing judge, in violation of state and federal Rule 11. pleas. which is fundamentally unfair act in accepting guilty plea, which prejudiced petitioner, through erroneous habitual sentence within another case, and had it not been but for counsels errors, clearly petitioner would not have accepted the plea, but would have went to trial.

(b) If you did not exhaust your state remedies on Ground Two, explain why:
All state remedies in ground two have been exhausted, through state post conviction relief motion, and appeal of that motion to the State Supreme court.

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:
No direct appeal was needed because guilty plea was accepted, only do to specific promise made to petitioner, which was later breached by state prosecutor, then post-conviction motion was filed, once denied, petitioner appealed to state supreme court.

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Superior Court, Crim. Rule. 61, post conviction motion.

Name and location of the court where the motion or petition was filed:
Kent County, Superior Court, Kent County Courthouse, 38 The Green, Dover, Delaware, 19901.

Docket or case number (if you know): Id. no.# 9804006339.

Date of the court's decision: Commissioners report dated (4-5-07,) also final order by sentencing judge, which adopted report and denied motion under R.61.

AO 241 (Rev. 12/04)                                                                                                   Page 9

Result (attach a copy of the court's opinion or order, if available):
Commissioners report, along with sentencing judges final order, which denied post-conviction relief, dated August 29th, 2007, will be attached. See, Appendix (A-#59- and A-#75.)

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court, 55, The Green, Dover, Delaware 19901. Appeal.

Docket or case number (if you know): Id. no.# 9804006339. Appeal. no.# 478, 2007.

Date of the court's decision: Adopted Commissioners report, in error, February 20th, 2008.

Result (attach a copy of the court's opinion or order, if available): Supreme court, ruling erroneously applied procedural bar to petitioners claim of breach of plea promise, and violation of, procedural, and substantive due-process, also all procedural requirements were met, in state court, to hear federal claims, see, Appeal brief, and Appendix. Appeal was denied in error. Attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you:

have used to exhaust your state remedies on Ground Two, Because plea promise was breached, over four years after original judgment of conviction, only remedy available to, withdraw plea, or challenge breach, in (state court) is through Rule 61. post conviction relief, which was filed, and once denied then appealed to highest (state Supreme court).

**GROUND THREE:**




(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 12/04)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241                                                                                                        Page 11
(Rev. 12/04)

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☐ Yes     ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

AO 241                                                                                                                                             Page 12
(Rev. 12/04)

       Name and location of the court where the motion or petition was filed:

       Docket or case number (if you know):

       Date of the court's decision:

       Result (attach a copy of the court's opinion or order, if available):

       (3) Did you receive a hearing on your motion or petition?     ☐ Yes   ☐ No

       (4) Did you appeal from the denial of your motion or petition?     ☐ Yes   ☐ No

       (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

       (6) If your answer to Question (d)(4) is "Yes," state:

       Name and location of the court where the appeal was filed:

       Docket or case number (if you know):

       Date of the court's decision:

       Result (attach a copy of the court's opinion or order, if available):

       (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 12/04)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241 (Rev. 12/04)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Charles E. Whitehurst, esq. 33 S. State Street, Dover, Delaware, 19901.

(b) At arraignment and plea: Charles E. Whitehurst, esq. 33 S. State Street, Dover, Delaware, 19901.

(c) At trial: No trial (cause) plea bargain made based only on promise, which was later breached.

(d) At sentencing: Charles E. Whitehurst, esq. 33 S. State Street, Dover, Delaware, 19901.

(e) On appeal: Petitioner was pro-se, in state rule 61. motion, also pro-se, in appeal of that motion to state supreme court.

(f) In any post-conviction proceeding: Sandra W. Dean, esq. at a V.O.P. hearing, which took place ("before plea promise was even breached,") and also involved another V.O.P. sentence, which was a separate matter challenged alone. see, A-57.

(g) On appeal from any ruling against you in a post-conviction proceeding: Petitioner was pro-se, in appeal of the denied rule 61. motion, to the state supreme court in appeal no.# 478, 2007.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ■ Yes   ☐ No

note: Sentence has been served, it is still being challenged now in it's own right (cause) plea was breached, and this conviction, was used to enhance another sentence in error.

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: Kent County Superior Court, Kent County Courthouse, 38 The Green, Dover, Delaware, 19901.

(b) Give the date the other sentence was imposed: 12-10-03.

(c) Give the length of the other sentence: #2. Life sentences, plus 2 years.

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ■ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition should be heard on it's merits, and the "one year requirement" should be excused, or considered as timely met, under the extraordinary circumstances of this case, "because" this petition is being filed based on a "breached plea agreement promise". The plea was made on march 4th 1999, and the plea promise was breached on "12-10-03," over "four years" after

AO 241 (Rev. 12/04)                                                                                                  Page 15

the original judgment of conviction was made final, through plea agreement. The state prosecutors "breach" of plea promise, over four years after plea was made ("caused"), all state court, procedural time limits - under, state rule. 61. "to run out". Petitioner has shown (cause) and cited to state courts that, these claims, of federal due-process violations, must be heard in the interest of justice, to correct a miscarriage of justice, under state rule.61.(i)(5.), because of violation of state and federal, rule.11. pleas, procedures, the breach of promise made, and the use of conviction to pursue habitual status in error, in violation of 6th, and 14th amendment rights under U.S.C. This is (cause) for relief from the procedural bars (relied on) by state Supreme court, and (cause) to excuse the one year federal time bar, and hear this petition. The "timing" of the state breach of plea promise, was the (state imposed) "external impediment", which impeeded petitioner from arguing breach untill after "12-10-03". Because all state court remedies, must first be exhausted, after state imposed impediment, had ended on "12-10-03", petitioner then within the time frame under, and given by state court rules to file the rule 61. motion, on "12-27-05", filed such a motion within that three year time frame, which should be considered a (properly filed) motion for state post conviction relief. This is (cause) for relief from state procedural default, and federal one year bar, so that this petition may be heard, also state Supreme court erred, when adopted Commissioners report that was contrary to, and involved an unreasonable application of (clearly established federal law) that plea agreement, must be resolved against prosecution, when terms are unclear, which violated,

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in ↑

part that:                                                                        Continued on next page. →

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroaetively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

petitioners 14th Amendment due-process rights under U.S.C. and which ("prejudiced petitioner") by this conviction being used in error, to sentence petitioner as an habitual offender. see, A-#76. Petitioner also contends that, the (extraordinary circumstances), and nature of this claim, along with the 6th and 14th amendment federal, constitutional violations, renders petitioners (claims exempt) from the one year, time bar contained in, 28 U.S.C. sec. 2244(d),. For this court not to hear this claim/petition will result in a complete miscarriage of justice, because due-process violation occurred, when oral plea promise was breached, and state court ruling was "contrary" to clearly established federal law, which allowed this conviction to be used to pursue habitual status against petitioner in error, prejudice when in fact petitioner, (based on promise made), is clearly innocent of this conviction being used to pursue habitual status, in a separate case, and exception should apply, (cause), habitual offender proceeding, much like trial in determining, guilt or innocence., also petitioner rejected several pleas, and had it not been but for the specific promise made, petitioner would not have plead guilty, but would have went to trial, plea was voluntary at that time, only (cause) of promise made, which was later breached, by the state, and that makes guilty plea (involuntary), which is (cause) for petitioner to "reassert" original plea of not guilty, / actual innocence. see (A-#2   ). This is (cause) to excuse the one year time bar, contained in 28 USC. sec 2244(d) and hear this petition., Additional (cause) to excuse the procedural bar, is because, the (state),(defence counsel), and (sentencing judge), never (memorialized the terms of plea agreement promise) which was later breached, shows a "fundamentally unfair act", in accepting guilty plea, inconsistent with demands of fair procedure, under state, and federal (Rule #11. pleas). see., (A-14, A-15.   ), which resulted in a miscarriage of justice, in violation of!, 6th and 14th Amend. Due-process. Because these facts "question the fairness"    and integrity, of the proceedings leading to the judgment of conviction, state rule 61. (i)(5), should have been applied, by state supreme court, which erroneously applied, and adopted the procedural bars of state rule 61.(i) #1. #2. and #3. to this claim., Rule 61.(i)(5) makes (inapplicable the bars), adopted by state supreme court, also the state supreme court order clearly erroneously determined that petitioner failed to meet the requirements of state rule 61.(i) #1. #2. and #3. see,   (Appeal brief, and Appendix.). This is (cause) to excuse the state procedural default, and (cause) to excuse the federal one year time bar, so that this petition may be heard, Petitioner will rely on the above cited prejudice.

AO 241 (Rev. 12/04)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Remand to sentencing court, and order that terms of oral contract, that are now in dispute, must be resolved against the state, in accord with clearly established federal law, which 14th Amend. Due-process requires, for unclear plea agreement promises.
or any other relief to which petitioner may be entitled.

Petitioner request an order from this court for the specific performance of promise made, in favor of petitioner.

_Pro-se._
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_[signature]_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____
[insert appropriate court]

* * * * *

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| FRED T. CALDWELL, | § |
| | § |
| Defendant Below- | § No. 478, 2007 |
| Appellant, | § |
| | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware, |
| STATE OF DELAWARE, | § in and for County |
| | § Cr. ID 9804006339 |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: December 10, 2007
Decided: February 20, 2008

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices.

## ORDER

This 20th day of February 2008, after careful consideration of appellant's opening brief and the State's motion to affirm, we find it manifest that the judgment below should be affirmed on the basis of the Superior Court's order, dated August 27, 2007, adopting the Commissioner's recommendation to deny appellant's motion as procedurally barred. It is clear that appellant's second motion for postconviction relief was procedurally barred by Rule 61(i)(1), 61(i)(2), and 61(i)(3), and that appellant had failed to overcome these procedural hurdles.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

Please See Appeal brief and Appendix Appeal no 478, 2007. Attached.

Higest State Court Appeal brief, and the appendix, will serve as petitioners (memorandum of law) in support of petitioners <u>federal claims</u>, also it will serve as clear and convincing evidence of (cause) for relief from state procedural defult, also prejudice as a result of the violation of 6th, and 14th amendment <u>federal</u> constitutional rights, and State and federal Rule.11. pleas procedures to ensure fairness.

