08 - 1 5 3

## IN THE SUPREME COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

Fred T. Caldwell
Defendant, Below
Appellant,

vs.

State of Delaware
Plaintiff, Below
Appellee.

Caldwell vs. State
Appeal,#no.478,2007

Cr.Id.no.# 9804006339
Cr.A.no.#Ik98-05-0018,through 0023

## ON APPEAL FROM THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

## THIS IS APPELLANTS OPENING BRIEF
## ON APPEAL OF DENIED MOTION FOR POST –CONVICTION RELIEF

DATED. "11 - 22 - 07."

FRED T. CALDWELL SBI.# 213476
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977



FILED

βl-

MAR 1 4 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………...PAGE#2

NATURE AND STAGE OF PROCEEDINGS……………………………………...PAGE#3

SUMMARY OF THE ARGUMENTS……………………………………………PAGE#4

STATEMENT OF THE FACTS……………………………………………..…….PAGE#5

ARGUMENT   I…………………………………………………………...…….. SEE PAGE#8

ARGUMENT   II…………………………………………………………….SEE PAGE#10

CONCLUSION…………………............………………………………………SEE PAGE#12

## TABLE OF AUTHORITIES

STATE AND FEDERAL CASE LAW,

U.S. vs. WILLIAMS, 444, F.3d 1286,1305(11th cir.2006).

DUNN vs. COLLERAN, 247 F.3d 450, 462-63 (3d. cir.2001).

COLE vs. STATE, (cite AS, 922,A.2d354), DEL.SUPR.2005.NO.#425,2004.

U.S. vs. RIVERA, (cite AS,357,F.3d 290) c.A.3 (NJ.), 2004.

U.S. vs. GUZMAN,(cite AS, 318 F,3d 1191) C.A. 10 (Kan.), 2003.

U.S. vs. nyhuis,(cite AS, 8 F.3d 731)C.A. 11 (Fla.), 1993

U.S. vs. GEBBIE, 294 F.3d,540,552 (3d.cir.2002).

U.S. vs. CAMARILLO-TELLO,236 f.3D,1024,1027,(9TH,cir.2001).

U.S. vs. JEFFERIES, (cite as,908 F.2d,1520)( C.A.11(Ga.)1990).


STATUTE, CONSTITUTIONAL PROVISIONS, RULES.

U.S.C.A. 14th, AND 6th.
Federal rules of criminal procedure,Rule11.pleas.
Del. Superior court crim.Rule. pleas.
Del. Constitution Article,#1.sec.#7
Professional conduct, Rule,(3.8),(1.1),(1.3), and (4.1)
DEL. SUPER.Ct. Civil Rule,90(c.).
DEL. SUPER. 57(d.).

## NATURE AND STAGE OF THE PROCEEDINGS

Defendant is an inmate at the Delaware Correctional Center incarcerated, on a different case during the time of the defendants incarceration defendant filed a Super. Ct. Crim.R.61, motion, based on a breached plea agreement promise made, in case(cr.Id.no.#9804006339.)

On the date of "4-7-98", defendant was charged with case, Cr.A.no.#,IK98-05-0018,through 0023; On the date of march 4th,1999, defendant plead guilty under superior court, Rule 11.(e)(#1)(c.) to one count of the charge, burglary first degree, from, Crim.A.no.#IK98-05-0018,thru,0023, in Kent county Superior Court. See,(A-#3).

On the date March,4th,1999, the guilty plea was "accepted voluntarily", at the time,(only) because of the promise made to defendant, on March, 4th,1999, by the ("prosecution") ,and ("defense counsel").

On the date of (12-10-03), the prosecution breached the plea agreement promise that was made to the defendant on March 4th, 1999. At the time of the breached plea promise on,"12-10-03" defendant was under the old, Rule 61, requirement of three years to file a rule 61,motion,not the current one year requirement, also at " any" later time a plea agreement can only be withdrawn under, Super.Ct.Crim.R.61.

Within, three years from the time, the plea promise was breached on "12-10-03", on the date of "12-27-05" defendant filed the proper timely Super. Ct. Crim.R.61.motion, which challenged, the original judgment of conviction, based only on the breached plea agreement promise.

On the date of April, 5TH 2007, Commissioner Andrea Maybee Freud, filed a recommendation report in this case, recommending defendants Rule61, motion be denied. Next on the date of, August 29th, 2007, Judge Witham, ordered defendants Superior, Ct.Crim.R.61 motion to be denied as procedurally barred. Defendant, then filed a timely notice of appeal of that order, to this court on, September 10th , 2007. This is defendants opening brief in appeal of the superior courts order, which denied defendants. Rule 61, motion. Appeal, no. #478,2007.

## SUMMARY OF ARGUMENTS

#I.

State breached plea agreement promise made to defendant, that burglary 1st degree conviction would "never be used", to sentence defendant as a habitual offender, and sentencing court erred, when ruling ignored clearly established federal law, which requires any ambiguities in plea agreement to be ("resolved against the state"), sentencing court erred by resolving the ambiguous terms of promise,(in favor of the state), by simply taking the word of the prosecution, and ineffective counsel, over defendant. Sentencing court erred in "analysis" by failure to evaluate promise, and consider "fact that" defendant "was not" eligible for habitual status "at time" of plea promise, which is proof of defendants,(reasonable understanding) at that time, that conviction will be barred from ever being used within any habitual proceedings.

Super Court also erred in failure to apply, Rule, 61.(i. (#5.), and denied defendants due-process rights under, U.S.C.A. 14th ,6th . and state, and federal Rule 11. Pleas.

#2 .

Defendant was denied effective assistance of counsel during the plea agreement negotiations, when counsel, and the prosecution , made a promise to the defendant, in order for the plea agreement to be accepted, and defense counsel failed to ensure that "terms" of the promise were placed within written form, or cited to the sentencing judge for the "court record" at the time of the guilty plea, to "ensure" a clear plea agreement, which contributed to the state breach of promise made, and (prejudiced defendant), by conviction being used to sentence defendant as habitual offender, and denied defendant rights under, U.S.C.A. 6th , and Rule 11. Pleas.

4

## STATEMENT OF FACTS

Fact is that, on March 4th, 1999, when defendant plead guilty to the burglary first degree conviction in case,(Cr.Id.no.#9804006339), A promise was made to defendant as part of the agreement, in order for the plea of guilty to be accepted voluntary by defendant, see,(A-#15. A-#14. A-#3. A-#65). Defendant was promised by the state, and defense counsel, that the burglary conviction would (never be used) to sentence defendant as a habitual offender. See (A-#61- A-#76. A-#40.)

Defense counsels affidavit, and the States legal memorandum "both" (bear witness) to the fact that, the promise made (was concerning) the conviction being used to sentence defendant as an habitual offender, and to "the existence" of an (oral contract) in the form of a promise made, that was part of the plea agreement. See, (A-#29-A-#32).

Fact is that, at the time defendant plead guilty, on "3-4-99" defendant was clearly not eligible for the habitual offenders status, therefore defendants reasonable understanding was that, the burglary conviction (never being used) to sentence defendant as a habitual offender could "only apply" to the barred use of this conviction from within any future habitual proceedings. See(A-#40. A-#64. A-#35.).

Defendant rejected several guilty pleas, and then plead guilty (only because) of the specific promise made. see (A-#2. A-#3. A-#15.)

On the date of (12-10-03) the state breached the plea promise made to defendant (within the oral contract), and used the burglary conviction to sentence the defendant as a habitual offender. See, (A-#76. A-#15.).

Fact is that, the (terms of the promise) made to the defendant, were never placed in written form, or cited on record before the court, by the state, to ensure fairness. See, A-#14.-A-#15.) (A-#40), (A-#65.-A-#66.)

Due-process under the 14th, amendment, U.S.C., and clearly established federal law requires ambiguous plea agreements to be resolved against the state, and the sentencing court ignored that clearly established federal law, cited by defendant. See, (A-#73. A-#92. A-#26.).

Fact is that, the plea agreement was voluntary on march 4th, 1999 (only because) of the promise made to defendant, and the plea "did not" become involuntary (until) over four years later, when the promise was breached by the state on, (12-10-03). Defendant then followed, and met all (procedural requirements) pursuant to, (Super.Ct.Crim.R.61.) to pursue collateral attack of this conviction. See, (A-#15.A-#76), (A-#24. A-#25. A-#68. A-#69)

Defendants guilty plea agreement constitutes a waiver of ("substantial constitutional rights") and once the state breached the promise, the plea became an ("involuntary waiver") of those rights, which makes "Super.Ct.Crim.R.61.(i.)(#5.)" available to this claim, also because of the timing of the breach, which was over four years after the original judgment of conviction, constitutes an external impediment and (cause) why the breach was not argued by defendant on ("3-4-1999") and (cause) why (Super.Ct.Crim.R.61.(i.)(#1.) must be set aside, and (Super.Ct.Crim.R.61(i.)(#5.) must be applied, under the extraordinary circumstances of this case. See, (A-#62. A-#15. A-#76.).

Fact is that, apart from the promise made to defendant by the state, and defense counsel, the plea agreement "would be involuntary," and because the promise was breached, and the

5

(terms were not made clear) for the court record, during the original sentencing on (March 4ᵗʰ,1999) , "this fact questions" the (legality),(reliability),(integrity), and (fairness),of the proceedings leading to the judgment of conviction, (Super.Ct.Crim.R.61.(i.)(#5) applies to this case, to correct the miscarriage of justice. See A-#65. #76. #15.

The sentencing court failed to apply, (Super.Ct.Crim.R.61.(i.)(#5.),which was cited by defendant within the memorandum of law to defendants, Rule.61.motion. See(A-#24. A-#71. A-#61-#62) ,(A-#67.).

The Superior Court Commissioner made a ruling within report, which applied (Super.Ct.Crim.R.61.(i.)(#1.) through (Super.Ct.Crim.R.61.(i.)(#3.) to this case, which are inapplicable specifically because, defendant cited to the sentencing court that, Super.Ct.Crim.R.61.(i.)(#5.) must be applied to this claim, which bars the requirements of Rule61,(i.)(#1.) through Rule.61.(i.)(#3). See,(A-#62. A-#46-#47.).

Defendants claim must be heard, and Rule.61.(i.)(#5.) applied, and Rule.61.(i.)(#1.) set aside also, "specifically because" the timing of the state breach of promise, along with the fact that, "Super Ct.Crim.R.32(d.)" states "at any later time", a plea may be set-aside only by motion under Super.Ct.Crim.R.61. See, (A-#23,#24,#25.).

The requirements of "Super.Ct.Crim.R.61.(i.)(#2.)" have also been met specifically because pursuant to Super Ct.Crim.R.61.(b.)(#3.), defendants rule 61.motion, was "clearly not" a repetitive motion and defendant is not barred under, rule,61.(i.)(#2.), in this case. See, (A-#44.).

The fact reveal that Superior Court Judge, James T. Vaughn Jr. "classified" the V.O.P. Rule 61.,motion, filed by defendant as a "separate matter", and judgment of conviction, which challenged the V.O.P. "warrant/hearing" alone; See, (A-#57. A-#62.).

Defendant filed a V.O.P. rule, 61. Motion, which has nothing to do with this issue now under attack , and defendant also filed a rule, 61. Motion based on the breached plea promise, the "motions" involved "two separate Lawyers", "two separate Judges", and also challenged "two separate Judgments" of conviction. See, (A-#5.-#57.)(A-#43.) (A-#67.) (A-#6.-#29.-#8.#77.#78.).

The sentencing Court/Commissioner, erred in ruling that defendant failed to meet the requirements of Super.Ct.Crim.R.61,(i.)(#3). See, (A-#62), specifically because this claim was not argued within the original proceedings to the judgment of conviction ("cause") based on promise made, the plea was voluntary "at that time" and the promise had not yet been breached, and the "timing" of the "prosecution breach" of plea agreement is the "external impediment" and ("cause") why defendant did not raise this issue on, March 4ᵗʰ, 1999. See, (A-#15.-#65,-#66,#61.).

Fact is that, "Defendant Suffered Prejudice" by this conviction being used to sentence him as a habitual offender "in error," along with involuntary waiver, and denial of all constitutional rights waived when a guilty plea has been made. See, (A-#76. A-#15.).

Because the terms of the oral contract/promise, "were not" made clear for the record within written form, nor made clear "on record orally" before the sentencing court, during the original guilty plea proceedings on March 4ᵗʰ, 1999, to "ensure fairness", under the "covenant of fair dealing", and Super.Ct.Crim.R.11.(d.) and (g.) pleas, that fact makes "defense counsels representation unreasonable", and in violation of procedures under state and Federal Rule11.pleas, also professional conduct rules,(1.1,and 1.3). A-#15,-A-#65,A-#32-A-#14. A-#34-#28.

Fact is that, defendant rejected several guilty pleas, and insisted on going to trial, before the guilty plea was accepted "only because" of the specific promise made, which shows that had it

not been but for the promise made, defendant "would not" have plead guilty, and would have went to trial, along with the fact that substantial rights were waived, and the promise was breached, and this conviction was used to sentence defendant as an habitual offender in error. See,(A-#2. A-#3. A-#76. A-#15.).

These facts are a clear display of the "prejudice" defendant suffered, do to defense counsels ineffectiveness. If the terms of the promise that are "just now" being argued by the prosecution and defense counsel, would have been revealed on "March 4th,1999" defendant would not have plead guilty, because there would be no benefit, from such a promise. See,(A-#65. A-#29. A-#32.). See also,(A-#14.-A-#15.),and (A-#36.-A-#72.).

Fact is that, "the dispute" is whether the promise made to defendant, "would bar" the use of conviction to pursue habitual status against defendant at the time of the guilty plea, which defendant "was not" eligible for at the time,("or  whether ") the promise made within the oral contract "barred" the burglary conviction "from ever being used" to pursue habitual status. See (A-#76. A-#65.-A-#15.-#67.)

Stephen R. Welch, D.A.G., was "drafter" of the plea agreement, and prosecutor which made the "specific promise" to defendant. See, (A-#14. A-#15.)

Stephen R. Welch, D.A.G. failed to make clear for the court record, "the terms" of the ("oral contract/promise made") at the time defendant plead guilty on "March 4th, 1999" to ensure fairness, which is unreasonable conduct that prevented defendant from receiving the fruits of the promise. See, (A-#15-A#32. A-#76.).

Fact is that, "the terms" of the promise were made clear to defendant "orally" on March 4th, 1999, then later breached by the state, and those specific terms were that, this conviction would (never be used to pursue habitual status), and those terms are now in dispute. See A-#40. A-#34.-A-#76. A-#32.-A-#65. A-#15.).

A plea agreement that is "ambiguous" must be read against the government. See, (A-#15. A-#67- A-#73. A-#92.), and the Superior Court erred, when the ruling and commissioners report, ignored clearly established Federal Law, by resolving the unclear terms of the promise "in favor of the state", in violation of the defendants right to due-process under, U.S.C.A. 14th, and 6th. This is defendants opening brief.

7

## ARGUMENT #1

State breached plea agreement promise made to defendant, that burglary 1st. degree conviction would "never be used" to sentence defendant as an habitual offender, and sentencing court erred, when ruling ignored clearly established Federal Law, which requires any ambiguities in plea agreement to be (resolved against the state), sentencing court erred by resolving the ambiguous terms of promise, (in favor of state), by simply taking the word of prosecution, and ineffective counsel, over defendant, sentencing court erred in "analysis" by failure to evaluate promise, and consider "fact that" defendant "was not" eligible for habitual status, "at time" of plea promise, which is proof of defendants (reasonable understanding) at that time, that conviction will be barred from ever being used, within any habitual proceedings. Superior Court also erred in failure to apply, Rule. 61.(i.)(#5), and denied defendant due process rights under, U.S.C.A. #14th ,#6th .and state Federal Rule #11.Pleas.

### STANDARD AND SCOPE OF REVIEW

The standard and scope of review is the state breach of plea agreement promise, which is a question of law that the court of appeals review (de novo), and whether sentencing court ruling erred in failure to resolve "ambiguous" terms of promise against the state and whether sentencing court (abused discretion) within analysis. See, U.S. v. Rivera, (357 F.3d.290,2004.) and Cole, v. State, 922A.2d.354, (Del.Supr.2005.).    U.S. v. McQueen    **(Cite as: 108 F.3d 64)** C.A.4 (Va.),1997.

#1

When reviewing a motion under "Rule 61," this court must first determine that the motion satisfies the procedural requirements of the rule before addressing any substantive issues. Defendant first contends that, all procedural rules have been followed and met the requirements of rule, 61.(i.)(#5.), and the superior court erred in failure to apply rule 61,(i.)(#5.),to this issue despite being cited several times by defendant. See, (A-#24. A-#13. A-#41.).

Defendant next contends, that the Superior Court never followed the "second part" of the two steps analysis, cited within U.S. v. Guzman, 318,F.3d,1191 which requires the court to evaluate "the promise" in light of defendants "reasonable understanding" of the "oral contract/promise" made at the time of guilty plea. See, (A-#40. A-#84.).

The Superior Court failed to consider that defendant rejected several guilty pleas, and then plead guilty, "only because" of the specific promise made. See, (A-#2. A-#3. A-#15. A-#40.).

The Superior court Commissioners ruling also failed to evaluate and, consider that it would be "clearly absurd" for defendant to plead guilty, because of a promise made that would in no way "benefit defendant," see(A-#40, A-#65, A-#35).

If the "terms of the promise" made, were as the state, and defense counsel argue, that would "in no way be advantageous" to defendant, specifically because defendant "was not eligible" for the habitual status, at the time of the promise, see Cole v. State (922 A.2d 354). "Plea agreements are undertaken for mutual advantage, see A-93, A-65, A-40, A-64, A-35. A promise that the burglary conviction would not be used to sentence defendant as a "habitual offender" would only "benefit defendant" if that was defendant's status at the time of promise, "which it was not," or if, the conviction based on the promise, was barred from ever being used to pursue habitual status, and "defendant contends" that because of his status, at that time, "the benefit was

8

through" the barred use of this conviction from "ever being used" within any such proceedings, which was defendant's "reasonable understanding" at that time, due to his status, and the "specific promise" that conviction "would never be used.

Defendant contends that, why would the promise "ever need to exist," as part of the plea agreement, when that was not defendant's status then, unless the promise barred this conviction from ever being used? See A-65, A-40, A-64, A-35.

Defendant also contends, that Stephen R. Welch, D.A.G. is the "drafter" of the plea agreement, who made the promise to defendant within the oral contract, and because "the terms" of the promise, were not made clear on court record "by the state," the terms of the plea agreement are ambiguous, see A-84, A-92, A-14, A-15. Defendant contends that, the terms of the promise were not made "clear on court record," during original guilty plea proceedings, therefore, how would the superior court know if the terms of the promise made have been fulfilled or not? The superior court clearly erred when ruling resolved terms of promise in favor of the state, see A-15, A-67, A-73, A-92.

Whatever, the terms of an oral contract are, professional defense counsel, and state attorneys should have "the terms" placed on record before the sentencing court to "ensure fairness," and to avoid this kind of "dispute," see Cole v. State 922 A. 2d 354 (Del. Supr.2005); see also Del.Super.Ct.Civil Rule,90 (c.)), policy applies to this case, see A-92. Defendant contends that, there is "no dispute" that an "oral contract" exists, in the form of a promise made, as part of the plea agreement, see A-15, A-65, A-40.

The "dispute" is whether the promise made barred the conviction "from being used at that time," or whether the promise made barred this conviction "from ever being used," to pursue habitual status, see A-34, A-76, A-29, A-35, A-32, A-40.

Defendant contends that, ambiguous plea agreements must be resolved against the state, see U.S. v. Guzman 318 F.3d 1191, 1195, 10th cir. 2003, (court construes any ambiguities against the government as drafter of the agreement), see also U.S. v Nyhuis 8 F.3d 731, 741-42 (11th cir. 1993), (courts will not permit government to prevail on formalistic literal interpretation of plea agreement language.

The superior court erred in failure to follow, clearly established federal law, and resolved the ambiguous terms of promise made, in "favor of defendant," see U.S. v. Rivera, 357, F.3d.290 2004. The superior court denied defendant the due-process required under U.S.C.A. 14th, see A-64, A-35, A-40, A-15, A-92, A-73, A-67.

Defendant last contends that the state made a promise as part of the plea bargain, and yet never revealed the terms for the "court record" when the agreement was made, to ensure fairness, "this conduct by the state" breached the "covenant of fair dealing," and allowed the prosecution to later breach the promise, and control the implementation of the agreements terms, which prevented defendant from receiving the fruits of the promise, see A-15, A-14, A-92, A-40, A-76, A-32.

Please See U.S. v. McQueen 108 F.3d 64 C.A.4 (Va.),1997.

> When a defendant's fundamental and constitutional rights hang in the balance, we hold that justice requires and common sense dictates memorializing the terms of the plea agreement.

9

## ARGUMENT #2

Defendant was denied effective assistance of counsel during the plea agreement negotiations when counsel, and the prosecution, made a promise to defendant, in order for the plea agreement, to be accepted, and defense counsel failed to ensure that terms of the promise were placed within written form, or cited to the sentencing judge for the court record, at the time of the guilty plea, to ensure fairness and a clear plea agreement, which contributed to the state breach of promise made, and "prejudiced defendant" by conviction being used to sentence defendant as a habitual offender, and denied defendant's rights under U.S.C.A. 6th and Rule 11 pleas.

### STANDARD AND SCOPE OF REVIEW
The standard and scope of review is de-novo, and abuse of discretion

Defendant contends that defense counsel was ineffective, and the superior court erred in ruling, that denied this issue, specifically because ▪ Strickland have been met by defendant in this case. During plea negotiations defense counsel, and the state made a promise to defendant as part of the plea agreement, and the state later breached the promise made to defendant, see A-76. When a plea rests in any significant degree on a "promise" or agreement of the prosecutor, so that it can be said to be "part of the inducement or consideration," such promise must be fulfilled, see Santobello v. New York, 404 U.S. 257,262,92,5.ct.495,30 L.Ed.2d,427(1971); see A-15, A-40, A-65, A-76.

Defendant contends that defense counsels conduct was "unreasonable," not to have the "terms of the promise" placed within written form, or cited on record before the sentencing court, on (March4th, 1999), to insure fairness, whatever the terms may be, because this promise was indeed part of the plea agreement. See,(A-#29. A-#92. A-#15. A-#40.), (A-#65.).

Because of defense counsels errors, how would the" court know" if the terms of the promise have been fulfilled or not? See (A-#14. A-#15. A-#28.).

Therefore, the Superior Court erred by resolving the terms of the promise in favor of the state. See, (A-#67. A-#83. A-#92. A-#73. A-#40.).

Defense counsels ineffectiveness, along with the state error, is the (cause), of this dispute, concerning the terms of the promise made, and "counsels error" allowed the state to breach the promise, and control implementation of the terms of the "only benefit" the promise offered at that time. See, (A-#34. A-#76. A-#28.),( A-#15. A-#14. A-#65. A-#92.- A-#76. A-#32.)

Defendant "suffered prejudice" do to    defense counsels error, "through the involuntary waiver" of substantial constitutional rights, apart from promise made, and through this "conviction being used" to sentence defendant as an habitual offender, which defendant contends is actual prejudice substantiated by the record. See, (A-#15. A-#65. A-#76).

In the case of a guilty plea the United States Supreme Court, has held that the second prong of the "Strickland test" becomes whether, defendant has shown, that there is a reasonable probability, that but for counsels errors," defendant would not have pled guilty", and would have "insisted" on going to trial". See,(Walls v. State, Del. Supr., no#59,1995,Holland,J. (Jan.4th,1996) (ORDER) at 7, citing younger, 580 A.2d at 556.)

Defendant contends that the ("second prong of Strickland") has also been satisfied in "this case of a guilty plea▪", and insisted on going to trial, before the guilty plea was finally accepted by defendant, "only because" of the specific promise made by the state, and defense

counsel, which shows that had it not been for the promise made, defendant "would not have plead guilty", and would have went to trial. See,(A-#2. A-#3. A-#15. A-#40. A-#76.).

Had it not been but for "defense counsels error" in failure to ensure that the terms of the promise were made "clear for the court record" at the time of the guilty plea, to ensure fairness, and if the terms of the promise, that are "just now "being argued by the prosecution, and defense counsel, would have been revealed on "(March4th,1999)", defendant would clearly "not have" plead guilty, because there would be no benefit in the terms of the promise, that are "just now being argued" by the prosecution and defense counsel. See, (A=#28, A-#15, A-#65, A-#14, A-#40, A-#64, A-#35).

There is no reasonable strategic course of conduct, to justify defense counsels conduct, that "violated" Super.Crim.R.11.(d.) and (g), and covenant of fair dealing, concerning the terms of specific promise made, which is "well below" an objective standard of reasonableness, and also in "violation" of the professional responsibility required by the state, and defense attorneys when entering into a plea agreement. See, U.S., v. Tabon-hernandez, 845,F.2d,277,280 n.(#11th cir,1988). See (A-#15, A-#28, A-#92).

## Conclusion

In light of the aforementioned, defendant requests this court to reverse the lower court decision and remand this case, back to the lower court for the, "terms of promise" made to be resolved in favor of defendant, in accord with clearly established federal law, and for the specific performance of promise made, to be ordered by this court. See, U.S.V.Williams, 444, F.3d 1286, 1305 (11th cir. 2006)., written plea agreements" omissions of orally agreed-to terms" is "read against" the Government, and defendants reasonable interpretation of agreement prevails.

X <em>Fred T. Caldwell</em>

Fred T. Caldwell SBI.213476
Delaware Correctional Center
1181 Paddock Road.
Smyrna, Delaware 19977

Dated. $11 - 22 - 07.$

12