## IN THE SUPREME COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

Fred T. Caldwell

Defendant, Below

Appellant,

vs.

State of Delaware

Plaintiff, Below,

Appellee

Cr.A.no#IK98-05-0018, through 0023.

Cr.Id.no#9804006339.

08 ⁻ ¹ 5 3

Caldwell v. State,

Appeal. No#478,2007.

## ON APPEAL FROM THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

This is the Appendix to defendant's opening brief.

Dated, 11-22-07.

Fred T. Caldwell, Sbi. No #213476

Delaware Correctional Center

1181 Paddock Road

Smyrna, Delaware 19977



FILED

MAR 14 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

TABLE OF CONTENTS TO APPENDIX…………………………..…………………………..A-1

Superior Court docket sheet……………………..…………………………………………...………A-2

Defendant's Motion for post-conviction relief…………………………………………..….A-10

Defendant's Memorandum of Law, to rule 61, motion……………………………….…….A-23

Affidavit of Charles E. Whitehurst, Jr.………………………...………………………………...A-29

State legal memorandum in response to defendant's Rule 61 motion…………………………...A-32

Defendant's response to Affidavit of Charles E. Whitehurst Jr.………………………………...A-34

Defendant's Reply to the state's legal Memorandum…………………………………………A-40

Commissioner's report and recommendation………………………………………………A-59

Defendant's Appeal from Commissioner's report……………………………………………A-68

Order of Judge William L. Witham,
which followed the Commissioner's report and denied the Rule 61 motion…………………A-75

State's response to defendant's objection…………………………………………………..A-78

Notice of appeal……………………………………………….…………………………A-79

Relevant case law………………………………...…………………………………………...…A-83

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    1
                         ( as of  10/03/2007 )
```

State of Delaware v.  FRED T CALDWELL                          DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.        AKA: FREDERICK T CALDWELL
Defense Atty: , Esq.                             FREDERICK T CALDWELL


Assigned Judge:

Charges:
| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 9804006339 | IK98050018R2 | BURGLARY 1ST | GLTY | 03/04/1999 |
|     | 9804006339 | VK9805001801 | VIOL O/PROBATN | VF | 07/29/2002 |
| 002 | 9804006339 | IK98050019 | PFDCF | NOLP | 03/04/1999 |
| 003 | 9804006339 | IK98050020 | PDWBPP | NOLP | 03/04/1999 |
| 004 | 9804006339 | IK98050021 | POS WEAP NO SER | NOLP | 03/04/1999 |
| 005 | 9804006339 | IK98050022 | ASLT 2ND | NOLP | 03/04/1999 |
| 006 | 9804006339 | IK98050023 | RECK END 1ST | NOLP | 03/04/1999 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|

1   05/01/1998                                      FREUD ANDREA MAYBEE
        CASE ACCEPTED IN SUPERIOR COURT.
        ARREST DATE: 04/07/98
        PRELIMINARY HEARING DATE: 05/01/98
        BAIL:
        RELEASED ON SECURED BAIL            26000.00 100
2   05/20/1998
        NOTICE OF SERVICE - DISCOVERY RESPONSE.
3   05/22/1998
        ENTRY OF APPEARANCE BY ANDRE M. BEAUREGARD, ESQ.
4   06/01/1998
        INDICTMENT, TRUE BILL FILED.
5   06/11/1998                                      FREUD ANDREA MAYBEE
        ARRAIGNMENT CALENDAR - DEFENDANT WAIVED READING; ENTERED PLEA OF NOT
        GUILTY; JURY TRIAL DEMANDED.
6   06/23/1998                                      TERRY N. MAXSON, JR.
        CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 7/14/98.
7   07/14/1998                                      RIDGELY HENRY DUPONT
        CASE REVIEW CALENDAR FINAL CASE REVIEW CONTINUED 7/27/98.
        COURT'S REQUEST-DEFENDANT NOT TRANSPORTED.
8   07/27/1998                                      RIDGELY HENRY DUPONT
        CASE REVIEW CALENDAR FINAL CASE REVIEW CONTINUED TO 08/24/98.
        DEFENDANT'S REQUEST-OTHER CHARGES.
9   08/24/1998                                      RIDGELY HENRY DUPONT
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 11/18/98; FCR: 11-12-98.
10  10/15/1998                                      BABIARZ JOHN E. JR.
        CONTROL--CONTINUED, DEFENDANT'S REQUEST.  NEW ATTORNEY.

A-2.

SUPERIOR COURT CRIMINAL DOCKET           Page     2
( as of   10/03/2007 )

State of Delaware v.  FRED T CALDWELL                    DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.      AKA: FREDERICK T CALDWELL
Defense Atty: , Esq.                           FREDERICK T CALDWELL

Event
No.  Date        Event                              Judge
--------------------------------------------------------------------------
        CONTINUED UNTIL 11/5/98.
11   10/20/1998
        SUBPOENA(S) ISSUED.
12   10/30/1998
        LETTER FILED
        TO ANDRE BEAUREGARD, ESQ.; DAVID JONES, ESQ.; AND JOHN WILLARD, ESQ.;
13   11/12/1998                                RIDGELY HENRY DUPONT
        FINAL CASE REVIEW - DEFENDANT REJECTED FINAL PLEA OFFER.   SET FOR
        TRIAL 11/18/98.
14   11/18/1998                                COOCH RICHARD R.
        TRIAL CALENDAR- TRIAL CONTINUED 3/3/99, FCR 2/25/99. DEFENSE REQUEST.
        ATTORNEY UNPREPARED FOR TRIAL
15   02/05/1999
        MOTION TO WITHDRAW AS COUNSEL FILED. (A. BEAUREGARD)
16   02/10/1999
        SUBPOENA(S) ISSUED.
17   02/12/1999                                VAUGHN JAMES T. JR.
        ORDER: APPOINTMENT OF COUNSEL; CHARLES E. WHITEHURST, ESQ. APPOINTED
        TO REPRESENT DEFENDANT.
18   02/12/1999                                VAUGHN JAMES T. JR.
        MOTION TO WITHDRAW AS COUNSEL GRANTED.
19   02/24/1999                                RIDGELY HENRY DUPONT
        CASE REVIEW CALENDAR: SET FOR FINAL CASE REVIEW 2/25/99, TRIAL 3/3/99
20   02/25/1999                                VAUGHN JAMES T. JR.
        FINAL CASE REVIEW - DEFENDANT REJECTED FINAL PLEA OFFER.  SET FOR
        TRIAL 03/03/99.
21   03/01/1999
        SUBPOENA(S) ISSUED.
22   03/03/1999                                RIDGELY HENRY DUPONT
        TRIAL CALENDAR-CONTINUED. DEFENSE REQUEST. CON'T 3/4/99.
        AWAITING LAB RESULTS.
23   03/04/1999                                WITHAM WILLIAM L. JR.
        JURY TRIAL CALENDAR:  PLED GUILTY-SENTENCED ON 0018; REMAINING
        CHARGES WERE NOL-PROSSED.
24   03/04/1999                                WITHAM WILLIAM L. JR.
        SENTENCE: ORDER
25   03/08/1999                                WITHAM WILLIAM L. JR.
        NOLLE PROSEQUI FILED BY ATTORNEY GENERAL, STEPHEN WELCH.
        IK98-05-0019 THRU 0023 WERE NOLLE PROSSED.
26   04/30/1999                                WITHAM WILLIAM L. JR.
        MODIFICATION OF SENTENCE.  AS TO IK98-05-0018, THE SENTENCE IMPOSED ON
        MARCH 4, 1999, IS MODIFIED AS FOLLOWS:

$A$-3.

SUPERIOR COURT CRIMINAL DOCKET                 Page    3
( as of   10/03/2007 )

State of Delaware v.  FRED T CALDWELL                         DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.      AKA: FREDERICK T CALDWELL
Defense Atty: , Esq.                           FREDERICK T CALDWELL

       Event
No.    Date          Event                                   Judge
-----------------------------------------------------------------------------
       THE DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $40.00 FERNANDEZ
       JONES AND $300.90 TO BAYHEALTH MEDICAL CENTER, ATTN: PATIENT ACCOUNTS.
       ALL PREVIOUS ASSESSMENTS REMAIN THE SAME.  TOTAL FINANCIAL ORDER IS
       NOW $1,020.90.  ALL OTHER ASPECTS OF THE ORIGINAL SENTENCING ORDER
       REMAIN IN EFFECT.  IT IS SO ORDERED.
       /S/ASSOCIATE JUDGE WILLIAM L. WITHAM JR.
27     06/24/2002                                   RIDGELY HENRY DUPONT
       CAPIAS ISSUED FOR VIOLATION OF PROBATION - $1000.00 CASH
28     06/26/2002                                   FREUD ANDREA MAYBEE
       CAPIAS RETURNED IN SUPERIOR COURT.
       BAIL SET AT:
       CASH BAIL                        15,000.00 100%
       VOP HRG.: 7/8/02 AT 9:00 A.M.
29     06/28/2002
       SUBPOENA(S) MAILED TO PROBATION OFFICER FOR APPEARANCE FOR VIOLATION
       OF PROBATION HEARING ON 7/8/02 AT 8:30 AM (JW) DEFENDANT INCARCERATED
30     07/08/2002                                   WITHAM WILLIAM L. JR.
       VOP SENTENCING CALENDAR, CONTINUED PENDING NEW CHARGES.
       BAIL SET AT $10,000 CASH
31     07/11/2002
       BAIL POSTED IN THE AMOUNT OF $10,000.00 CASH.
32     07/29/2002
       ADMINISTRATIVE WARRANT FILED - LEVEL (3).
       PROBATION OFFICER:TODD SCHAEFER
       OSSVOP 072902
33     07/29/2002                                   VAUGHN JAMES T. JR.
       OPERATION SAFE STREETS HEARING:  DEFENDANT FOUND IN VIOLATION.
       SENTENCED.
34     09/12/2002
       LETTER FROM PARALEGAL TO FRED T. CALDWELL.
35     09/12/2002
       MOTION FOR REDUCTION OF SENTENCE FILED (S. DEAN).
36     09/23/2002                                   VAUGHN JAMES T. JR.
       MOTION FOR REDUCTION OF SENTENCE DENIED.
37     11/22/2004
       MOTION FOR REDUCTION/MODIFICATION FILED (PRO SE).
38     12/10/2004                                   WITHAM WILLIAM L. JR.
       PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
       REFERRED TO JUDGE:WITHAM
       DATE REFERRED: 12/13/2004
       CIVIL CASE NO:04M-12-004
39     12/15/2004                                   WITHAM WILLIAM L. JR.

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    4
                       ( as of  10/03/2007 )

State of Delaware v.  FRED T CALDWELL                      DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.      AKA: FREDERICK T CALDWELL
Defense Atty: , Esq.                           FREDERICK T CALDWELL

       Event
No.    Date        Event                               Judge
-----------------------------------------------------------------------------
       ORDER: WRIT OF HABEAS CORPUS IS SUMMARILY DENIED.
40     01/20/2005
       MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE).
41     02/14/2005
       DEFENDANT'S LETTER FILED.
       RE: PENDING MOTIONS.
42     03/01/2005                                  VAUGHN JAMES T. JR.
       ORDER OF REFERENCE
       THIS 25TH DAY OF FEBRUARY, 2005, IT IS SO ORDERED THAT DEFENDANT'S
       MOTION FOR POSTCONVICTION RELIEF IS REFERRED TO COMMISSIONER ANDREA
       MAYBEE FREUD FOR PROPOSED FINDINGS AND RECOMMENDATIONS PURSUANT TO
       10 DEL.C. SECTION 512(B) AND CRIMINAL RULE 62.
43     03/01/2005                                  FREUD ANDREA MAYBEE
       ORDER OF BRIEFING
       THIS 28TH DAY OF FEBRUARY, 2005, IT IS SO ORDERED THAT:
       (1) SANDRA DEAN, ESQUIRE, SHALL FILE AN AFFIDAVIT BY APRIL 6, 2005.
       2) DEPARTMENT OF JUSTICE SHALL FILE A LEGAL MEMORANDUM BY MAY 6, 2005.
       3) ANY REPLY BY THE MOVANT SHALL BE FILED BY JUNE 6, 2005.
44     03/02/2005
       LETTER FROM PARALEGAL OFFICE TO COUNSEL
       RE: NOTICE THAT THE DEFENDANT HAS FILED A MOTION FOR POSTCONVICTION
       RELIEF, PRO SE.
45     03/11/2005
       AFFIDAVIT OF SANDRA DEAN, ESQUIRE, IN ANSWER TO MOTION FOR POSTCONVIC-
       TION RELIEF FILED.
46     03/14/2005
       TRANSCRIPT OF OSS VOP FILED. (V. CLINE)
47     03/17/2005
       STATE'S RESPONSE TO MOTION FOR POSTCONVICTION RELIEF FILED (J. COHEE).
48     05/05/2005
       DEFENDANT'S REPLY BRIEF FILED TO AFFIDAVIT AND STATE'S RESPONSE TO
       MOTION FOR POSTCONVICTION RELIEF (PRO SE).
49     06/03/2005
       MEMORANDUM FILED FROM PARALEGAL OFFICE TO COMMISSIONER FREUD
       RE: MTNPCR APPEARS READY FOR YOUR HONOR'S REPORT AND RECOMMENDATION.
50     08/03/2005
       COPY OF PLEA AGREEMENT REQUESTED AND PICKED UP IN PROTHONOTARY'S
       OFFICE BY JULIET CALDWELL.
51     08/08/2005                                  FREUD ANDREA MAYBEE
       COMMISSIONER'S REPORT AND RECOMMENDATIONS FILED UPON DEFENDANT'S
       MOTION FOR POSTCONVICTION RELIEF. RECOMMENDATION THE COURT DENY
       CALDWELL'S MOTION AS PROCEDURALLY BARRED BY RULE 61(I).
```

$A-5.$

SUPERIOR COURT CRIMINAL DOCKET                    Page     5
                    ( as of   10/03/2007 )

State of Delaware v.   FRED T CALDWELL                        DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.        AKA: FREDERICK T CALDWELL
Defense Atty: , Esq.                             FREDERICK T CALDWELL

```
      Event
No.   Date          Event                                    Judge
-------------------------------------------------------------------------------
52    08/25/2005
      APPEAL FILED FROM COMMISSIONER'S REPORT AND RECOMMENDATION (PRO SE).
53    08/25/2005
      LETTER FROM PARALEGAL OFFICE TO JASON COHEE, ESQUIRE
      RE: STATE HAS 10 DAYS TO RESPOND TO DEFENDANT'S APPEAL COMRAR.
54    08/26/2005
      LETTER FROM JASON COHEE, ESQUIRE, TO JUDGE VAUGHN
      RE: THE STATE SIMPLY ASKS THE COURT ADOPT THE WELL-REASONED ORDER
      ENTERED BY COMMISSIONER FREUD.
55    12/27/2005
      MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE).
      NOTE: THIS MTNPCR IS REGARDING THE ORIGINAL SENTENCE IMPOSED BY
      JUDGE WITHAM ON 3/4/1999.
56    12/27/2005
      MEMORANDUM OF LAW IN SUPPORT OF THE RULE 61 MOTION FOR POSTCONVICTION
      RELIEF FILED (PRO SE).
57    12/30/2005                                  VAUGHN JAMES T. JR.
      ORDER UPON CONSIDERATION OF DEFENDANT'S MOTION FOR POSTCONVICTION
      RELIEF PURSUANT TO CRIMINAL RULE 61: NOW, THEREFORE, IT IS ORDERED
      THAT: A) HAVING CONDUCTED A DE NOVO REVIEW OF THE PROCEEDINGS I ADOPT
      THE WELL-REASONED COMMISSIONER'S REPORT AND RECOMMENDATION; B) THE
      DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF IS DENIED.
58    02/02/2006
      MEMORANDUM FILED FROM PARALEGAL OFFICE TO JUDGE WITHAM 1/27/2006
      RE: DEFENDANT HAS FILED MOTION FOR POSTCONVICTION RELIEF REGARDING
      THE ORIGINAL SENTENCE IMPOSED BY YOUR HONOR ON 3/4/1999. PER JUDGE
      WITHAM 2/2/2006: MATTER IS REFERRED TO COMMISSIONER FOR CONSIDERATION.
59    02/07/2006                                  WITHAM WILLIAM L. JR.
      ORDER OF REFERENCE
      THIS 3RD DAY OF FEBRUARY, 2006, DEFENDANT'S MOTION FOR POSTCONVICTION
      RELIEF IS REFERRED TO COMMISSIONER ANDREA MAYBEE FREUD FOR PROPOSED
      FINDINGS AND RECOMMENDATIONS PURSUANT TO 10 DEL.C. SECTION 512(B) AND
      CRIMINAL RULE 62.
60    02/07/2006                                  FREUD ANDREA MAYBEE
      ORDER OF BRIEIFNG
      THIS 7TH DAY OF FEBRUARY, 2006 IT IS ORDERED THAT:
      1) CHARLES WHITEHRUST, ESQUIRE, SHALL FILE AN AFFIDAVIT BY MARCH 10,
      2006.
      2) DEPARTMENT OF JUSTICE SHALL FILE A LEGAL MEMORANDUM BY APRIL 10,
      2006.
      3) ANY REPLY BY MOVANT MUST BE FILED BY MAY 10, 2006.
61    02/07/2006
```

A-6.

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page     6
                        ( as of  10/03/2007 )

State of Delaware v.  FRED T CALDWELL                           DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.        AKA: FREDERICK T CALDWELL
Defense Atty: , Esq.                             FREDERICK T CALDWELL

       Event
No.    Date          Event                              Judge
-------------------------------------------------------------------------------
       LETTER FROM PARALEGAL OFFICE TO COUNSEL
       RE: NOTICE THAT THE DEFENDANT HAS FILED A MOTION FOR POSTCONVICTION
       RELIEF, PRO SE.
62    04/10/2006
       TRANSCRIPT FILED OF TRANSCRIPT OF GUILTY PLEA IN SUPERIOR COURT BEFORE
       HON. RIDGELY AND HON. WITHAM ON MAY 23, 1996.
63    04/17/2006
       DEFENDANT'S RESPONSE TO THE COMMISSIONER'S ORDER OF BRIEFING FILED
       (PRO SE).
64    05/04/2006
       LETTER FROM CHARLES WHITHEURST, ESQUIRE, TO COMMISSIONER FREUD
       RE: ENCLOSED IS AFFIDAVIT.
     - ADDITIONAL NOTE FROM PARALEGAL: WILL YOUR HONOR THIS OUT-OF-TIME
       PLEADING, WHICH WAS DUE BY 3/31/06? PER COMMISSIONER FREUD 5/8/06:
       PLEASE DRAFT A REVISED BRIEFING ORDER.
65    05/04/2006
       AFFIDAVIT OF CHARLES E. WHITEHURST, ESQUIRE, FILED.
66    05/10/2006                                    FREUD ANDREA MAYBEE
       AMENDED ORDER OF BRIEFING
       THIS 10TH DAY OF MAY, 2006, IT IS ORDERED THAT:
       1) DEPARTMENT OF JUSTICE SHALL FILE LEGAL MEMORANDUM BY JUNE 12, 2006.
       2) ANY REPLY BY MOVANT SHALL BE FILED BY JULY 12, 2006.
67    05/19/2006
       STATE'S ANSWER TO DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF
       FILED (JASON COHEE, ESQUIRE).
68    06/14/2006
       DEFENDANT'S LETTER TO COMMISSIONER FREUD FILED.
       RE: HAVE NOT RECEIVED A COPY OF MR. WHITEHURSTS' AFFIDAVIT.
69    08/10/2006
       COPY OF DOCKET REQUESTED AND SENT.
70    08/10/2006
       DEFENDANT'S LETTER TO COMMISSIONER FREUD FILED
       RE: PENDING RULE 61 MOTION.
71    09/21/2006
       DEFENDANT'S REQUEST FOR COURT DOCKET, COPY OF STATE'S LEGAL MEMORANDUM
       AND EXTENSION OF TIME TO RESPOND TO SAME.
72    09/25/2006
       DEFENDANT'S REPLY BRIEF TO THE AFFIDAVIT FILED (PRO SE).
73    09/27/2006                                    FREUD ANDREA MAYBEE
       LETTER/ORDER ISSUED BY COMMISSIONER FREUD
       RE: COURT HAS ENCLOSED A COURTESY COPY OF STATE'S RESPONSE AND DEEMS
     . IT APPROPRIATE TO GRANT AN EXTENSION OF TIME TO RESPOND. THE DEFENDANT
```

SUPERIOR COURT CRIMINAL DOCKET                    Page    7
( as of   10/03/2007 )

State of Delaware v.  FRED T CALDWELL                          DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.        AKA: FREDERICK T CALDWELL
Defense Atty: , Esq.                              FREDERICK T CALDWELL

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| | | SHALL FILE A FINAL REPLY BRIEF WITH THE PROTHONTARY BY WEDNESDAY, OCTOBER 31, 2006. | |
| 74 | 10/02/2006 | COPY OF DOCKET REQUESTED AND SENT. | |
| 75 | 10/03/2006 | DEFENDANT'S LETTER TO COMMISSIONER FREUD FILED RE: DID NOT RECEIVE COURTESY COPY OF STATE'S RESPONSE AS LETTER INDICATED. NOTE: SENT BY PARALEGAL WITH DOCKET ON 10/2/2006. | |
| 76 | 11/01/2006 | DEFENDANT'S REPLY BRIEF TO STATE'S LEGAL MEMORANDUM TO MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE). | |
| 77 | 11/01/2006 | MEMORANDUM FROM PARALEGAL OFFICE TO COMMISSIONER FREUD FILED RE: MOTION FOR POSTCONVICTION RELIEF HAS COMPLETED BRIEFING AND APPEARS READY FOR YOUR HONOR'S REPORT AND RECOMMENDATIONS. | |
| 78 | 04/05/2007 | COMMISSIONER'S REPORT AND RECOMMENDATIONS FILED UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF PURSUANT TO CRIMINAL RULE 61: RECOMMENDATION THAT THE COURT DENY CALDWELL'S MOTION FOR POSTCON- VICTION RELIEF AS PROCEDURALLY-BARRED. | FREUD ANDREA MAYBEE |
| 79 | 04/16/2007 | APPEAL FILED FROM COMMISSIONER'S FINDINGS OF FACT AND RECOMMENDATION FILED (PRO SE). | |
| 80 | 04/16/2007 | LETTER FROM PARALEGAL OFFICE TO JASON COHEE, ESQUIRE RE: STATE HAS 10 DAYS TO RESPOND TO DEFENDANT'S APPEAL COMRAR. | |
| 81 | 04/30/2007 | LETTER FROM JASON COHEE, ESQUIRE, TO JUDGE WITHAM RE: THE STATE DOES NOT FEEL THE NEED TO RESPOND SPECIFICALLY TO THE DEFENDANT'S APPEAL FROM COMRAR. STATE RELIES ON ITS EARLIER SUBMIS- SION. | |
| 82 | 08/29/2007 | ORDER: ON THIS 29TH DAY OF AUGUST 2007, UPON CONSIDERATION OF THE DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF, NOW, THEREFORE, AFTER CAREFUL DE NOVO REVIEW OF THE RECORD IN THIS ACTION, AND FOR THE REASONS STATED IN THE COMMISSIONER'S REPORT AND RECOMMENDATION DATED APRIL 5, 2007, IT IS ORDERED THAT THE COMMISSIONER'S THOUGHTFUL AND WELL-REASONED REPORT AND RECOMMENDATION IS ADOPTED BY THE COURT AND FRED T. CALDWELL'S MOTION FOR POSTCONVICTION RELIEF IS DENIED AS PROCEDURALLY BARRED. | WITHAM WILLIAM L. JR. |
| 83 | 09/10/2007 | | |

A-8.

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    8
                         ( as of  10/03/2007 )

State of Delaware v.  FRED T CALDWELL                    DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.      AKA: FREDERICK T CALDWELL
Defense Atty: , Esq.                           FREDERICK T CALDWELL


      Event
No.   Date          Event                                Judge
-------------------------------------------------------------------------
      NOTICE OF APPEAL 478, 2007 (PRO-SE)
84    09/11/2007
      LETTER FROM SUPREME COURT STATING RECORD IS DUE NO LATER THAN 10/4/07.
85    09/21/2007
      COPY OF DOCKET REQUESTED AND SENT.

           *** END OF DOCKET LISTING AS OF  10/03/2007 ***
           PRINTED BY: CSCRMAN
```

CERTIFIED
AS A TRUE COPY   10/3/07
ATTEST: LISA M. ROBINSON, PROTHONOTARY
BY: Rebecca A. Manchester

A-9.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR ___KENT___ COUNTY

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | No. _____ |
| v. | ) | (to be supplied by Prothonotary) |
|  | ) | Id.No.# 9804006339. |
| ___Frederick Caldwell___ | ) | Cr.A.No.# IK 98-05-0018, through 0023. |
| Name of Movant on Indictment | ) |  |
|  | ) |  |
| ___Fred T. Caldwell___ | ) |  |
| Correct Full Name of Movant | ) |  |

## MOTION FOR POSTCONVICTION RELIEF

A-10.

## MOTION

1. County in which you were convicted ___Kent.___

2. Judge who imposed sentence ___Judge William L. Witham, Jr.___

3. Date sentence was imposed ___March, 4th 1999___

4. Offense(s) for which you were sentenced and length of sentence (s):
   ___Charge, Burglary 1° degree and Sentenced to 3 years of level five, suspended after nine months, at level five, for one year at level "three" and one year at level two.___

5. Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?   Yes ( ✓ )   No ( )
   If your answer is "yes," give the following information:
   Name and location of court(s) which imposed the other sentence(s):
   ___Kent County Superior Court, 38 The Green, Dover, Delaware 1990l.___

   Date sentence(s) imposed: ___7-29-02 V.O.P. sentence & 12-10-03 habitual offender sentence, Pursuant, to 11, Del. code. Sec. 4214 (b). See Exhibit (D.)___
   Length of sentence(s) ___7-29-02 V.O.P. Sentence 2 years susp for level 5, key, & 12-10-03, sentenced to life times two, and 2 years level 5. Habitual!___

6. What was the basis for the judgment(s) of conviction? (Check one)
   Plea of guilty ( ✓ ) concerning the judgment under attack in this motion.
   Plea of guilty without admission of guilt ("Robinson plea") ( )
   Plea of nolo contendere ( )
   Verdict of jury ( )
   Finding of judge (non-jury trial) ( )

7. Judge who accepted (plea) or presided at trial ___Judge William L. Witham, Jr.___

8. Did you take the witness stand and testify? (Check one)
   No trial ( )   Yes ( )   No ( ✓ )

9. Did you appeal from the judgment of conviction? Yes ( )   No ( ✓ )
   If your answer is "yes," give the following information:

   Case number of appeal _____

   Date of court's final order or opinion _____

1

A-11.

10.  Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes ( ✓ ) No ( )     How many? ( 2 )
If your answer is 'yes' give the following information as to each:

Nature of proceeding(s) correction/Modification of V.O.P. sentence, to superior court, and rule 61. O.S.S. V.O.P. relief requested.
Grounds raised Reduction of Sentence denied on "9-23-02" was based on defendants claim of v.o.P. matter, that he was oversentenced. The O.S.S. V.O.P. filed by the defendant was based on, the violation of due-process at the "7-29-02" O.S.S. V.O.P. hearing, and unjustified O.S.S. V.O.P. and warrant, which is still pending a ruling as of this date. see, exhibit, ( C ).

Was there an evidentiary hearing? O.S.S. V.O.P. hearing only, held, 7-29-02.

Case number of proceeding(s) Id. nos.# 9804006339, and 9807006121.

Date(s) of court's final order(s) or opinion(s) Sept. 23rd 2002, & Aug. 8th 2005 Rule 61. commissioners report, case still pending a final ruling, by judge vaughn.
Did you appeal the result(s)? not yet.

11.  Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:

At (plea) of (guilty) or trial Charles. Whitehurst. esq.

On appeal None was filed, because of plea of guilty, only Modification, and Rule, 61. based on V.O.P. error, was filed in this matter.
In any postconviction proceeding Defendant was pro-se in v.o.p rule 61.

12.  State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

2

A-12.

Ground one: Prosecution, breach of plea agreement promise, made,
Supporting facts (state the facts briefly without citing cases):
which made plea involuntary, and unconstitutional. Fact is that,
during plea negotiations, the prosecution agreed to a promise
that the burglary #1.st degree conviction, would not be used to
sentence the defendant as an habitual offender, in order for the
defendant to voluntary accept plea, Yet, on 12-10-03, that promise
was breached, and defendant was sentenced pursuant to, 4214 (b.)
based on the burglary 1.st # conviction, which prejudiced defendant,
and questions the fairness, and voluntariness of the plea agreement.
Ground two: Ineffective assistance of counsel, during plea negotiation,
which caused involuntary, coerced guilty plea, do to promise made
Supporting facts (state the facts briefly without citing cases):
in order to accept. Fact is that, during plea negotiations
counsel, and the prosecution made a promise to the defendant
in order for the defendant to voluntary accept the plea agreement,
that the burglary, 1.st # degree conviction, would not be used to
sentence defendant as an habitual offender. The promise was
made on, March 4th 1999, see, exhibit, (A & B), and it was breached
in a separate case on, 12-10-03, see docket exhibit, ( E. ). The
"promise" made by counsel, and the state, to get a voluntary plea
of guilty, which was later breached by the prosecution, shows clear
coercion, and questions the fundamental fairness of the plea
agreement, as to whether it was voluntarily made apart, from
the promise made. Counsel, and state promise made and breached,
was unconstitutional, and denied defendant effective counsel, and denied,
defendant substantial rights guaranteed, had plea not been accepted,
and prejudiced him through, habitual sentence based on that plea.
If any of the grounds listed were not previously raised, state briefly what grounds were not raised,
and give your reason(s) for not doing so: Grounds one, and two, were not previously
raised, although the sentence that is based on the conviction/
plea, under attack in this motion, was imposed on the date
of, March 4th 1999. The now cited grounds are now being argued
"cause," the plea agreement/promise, has just now been breached,
and is involuntary, because of "A" promise in the case under
attack in this motion, and because of the sentence that was
imposed on the date of, "12-10-03", in a separate case, by the
state, sentencing defendant pursuant to, 11. Del. C. sec. 4214 (b.),
through useing the conviction that is under attack in this motion.
Wherefore, movant asks that the court grant him all relief to which he may be entitled in this
proceeding. The above cited grounds, meet requirements of, 61(i)(3)(A)&(B)
& Rule, 61(i)(5). The withdrawal, or specific performance of promise
is warranted, and requested. Defendant is, Pro-se.
                                          Signature of attorney (if any)


I declare the truth of the above under penalty of perjury.


_____                        _Fred T. Caldwell_
Date Signed                            Signature of Movant
                                       (Notarization not required)


A-13.   3

Superior Court c  he State of Delaware, ___ _____ _____ County

# PLEA AGREEMENT

State of Delaware v. _Fred Caldwell_

Case No(s): _9804006339_  Cr.A.#s: _IH98-05-0018 thyl 0023_

☐ Title 11HAB. OFFENDER _____   ☐ BOOT CAMP ELIGIBLE   ☐ INELIGIBLE
☑ RULE 11(e)(1)(C) — If out of guideline, reason is as follows: _____
☐ Title 11, §4336, sex offender notification required   ☐ Title 11, §9019(e), forensic fine ☐ $100(F), ☐ $50(M)

**Defendant will plead guilty to:**

| Count | Cr.A.# | Charge | [LIO if applicable] |
|---|---|---|---|
| 1 | IH98-05-0018 | Burglary 1° | |

Upon the sentencing of the defendant, a **nolle prosequi** is entered on ☐ the following charges/☒ all remaining charges on this indictment:

| Count | Cr.A# | Charge |
|---|---|---|

**Sentence Recommendation/Agreement:**   ☐ PSI   ☒ Immediate Sentencing

_L ☑, 3 yrs., susp. after 9 mos. for 1 yr. @ L-III + 1 yr. @ L-II_

**State and Defendant agree to the following:**
☒ Restitution: _To victim Fermandez Jones Per PSI_
☒ No _____ → contact w/ Erica Foster, Fermandez Jones, or
☒ Other Conditions:                                      Lachelle Yarborough
_Δ will forfeit the 9mm pistol which was seized by the Dover Police on Tues. 4/7/98._

DAG: _Steve Welch_ (PRINT NAME)   DEF. COUNSEL: _Charles Whitoht_ (PRINT NAME)

SIGNATURE   SIGNATURE

Date: _3/4/99_   A-14.   DEFENDANT: _Fred Caldwell_

TRUTH IN SENTENCING GUILTY PLEA FORM

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR ___*Kent*___ COUNTY

STATE OF DELAWARE )
V. ) DEF. ID. NO. 9804006339
) CR.A. NO. IN98 05 0018
___Fred Caldwell___, ) thru 0023

*The defendant must answer the following questions in his or her own handwriting.*

Date of Birth __9/9/76__　　　　　Last grade in school completed __11th__

Have you ever been a patient in a mental hospital? ☐ Yes ☑ No
Are you under the influence of alcohol or drugs at this time? ☐ Yes ☑ No
Have you freely and voluntarily decided to plead guilty to the charges listed
　in your written plea agreement? ☑ Yes ☐ No
Have you been promised anything that is not stated in your written plea agreement? ☐ Yes ☑ No
Has your attorney, the State or anyone threatened or forced you to enter this plea? ☐ Yes ☑ No

Do you understand that because you are pleading guilty you will not have a trial and you therefore waive (give up) your constitutional right:
　(1)　to be presumed innocent until the State can prove each and every
　　　part of the charge(s) against you beyond a reasonable doubt;
　(2)　to a speedy and public trial;
　(3)　to trial by jury;
　(4)　to hear and question the witnesses against you;
　(5)　to present evidence in your defense;
　(6)　to testify or not testify yourself; and,
　(7)　to appeal to a higher court? ☑ Yes ☐ No

| | OFFENSE | STATUTORY PENALTY | TIS GUIDELINE |
|---|---|---|---|
| 1. | Burglary 1st | 0-10 years | w/o to 29 months/level | 6 45 month |
| 2. | | | 5 |
| 3. | | | |

TOTAL CONSECUTIVE MAXIMUM PENALTY: __10 years & fine__

*If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.*

Do you understand that, if incarcerated, you will not be eligible for parole and the amount of early release credits which you may earn will be limited to a maximum of ninety (90) days per year? ☑ Yes ☐ No

Is there a mandatory minimum penalty? ☐ Yes ☑ No; If so, what is it? _____

Has anyone promised you what your sentence will be? (A-15.) ☐ Yes ☑ No *only rule 11(e)*

Are you on probation or parole? (A guilty plea may constitute a violation.) ☑ Yes ☐ No *11 (e)*
Do you understand that a guilty plea to a felony will cause you to lose your right to vote, to
　be a juror, to hold public office, to own or possess a deadly weapon and other civil rights? ☑ Yes ☐ No *context*
Are you satisfied with your lawyer's representation of you and that your lawyer has
　fully advised you of your rights and of your guilty plea? ☑ Yes ☐ No

_____　　　__3/4/99__　　　X _____
　*Defense Counsel*　　　　　　　　*Date*　　　　　　　　　　　　　　　*Defendant*
Print name: ___Julie Yatkitch___　　　　　　　　　　　Print name: __Fred Caldwell__

xc: Superior Court, Attorney General, Attorney for Defendant, Defendant　　Exhibit (B)　　forms\criminal\gltyplea.wp

M. JANE BRADY
ATTORNEY GENERAL



**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

NEW CASTLE COUNTY
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

KENT COUNTY
102 West Water Street
Dover, DE 19901
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545

SUSSEX COUNTY
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-4698

PLEASE REPLY TO :

August 26, 2005

The Honorable James T. Vaughn, Jr.
President Judge
Superior Court
Kent County Courthouse
38 The Green
Dover, DE 19901

        RE:    State v. Fred T. Caldwell
               Cr. I.D. Nos. 9804006339 and 9807006121

Dear President Judge Vaughn:

      I have just received Defendant's "Appeal from Commissioner's Report and Recommendations." The State simply asks that the Court adopt the well-reasoned Order entered by Commissioner Freud in this matter. Thank you for your time and consideration.

Respectfully submitted,

Jason C. Cohee, Esq.
Deputy Attorney General

cc:    Sandra Dean, Esq.
       Fred T. Caldwell
       Prothonotary

jcc:

A-16.

Exhibit (C)

# Offender Status Sheet

Date: 12/11/2003

| | | | | |
|---|---|---|---|---|
| SBI #: | 00213476 | Name: FREDERICK T CALDWELL | | |
| Location(s): DCC | | Level(s): 5 | Race: BLACK | DOB: 09/09/1976 |
| AKA: | FRED T CALDWELL | | | |
| Offender Type: Sentenced | | Officer(s): | | |

**Level: 5**

| Start Date: 07/24/2002 | | MED: 07/21/2008 | | STRD: 12/30/2007 | | ADJ: 12/30/2007 | | PED: | | | Statutory Days Earned: 204.00 | | |

| CASE#/ Court | CRA#/ Judge | Charge Desc/ Sen. Type/ Sentence Date | Status/ Eff. Date | Y | M | D | Start Dt. | MED | STRD | Adj Date | CR | Wk |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0207018104 | IK02110188 | TRF.COC.5-50G | Current | | 0 | 0 | 07/24/2002 | | | | | |
| U8 | William L Witham | LIFE | 12/10/2003 07/22/2008 | 0 | | | | | | | | |
| 0207018104 | IK02110189 | DEL NSII CS | Current | | 0 | 0 | 07/24/2002 | | | | | |
| U8 | William L Witham | LIFE | 12/10/2003 07/22/2008 | 0 | | | | | | | | |
| 9804006339 | VK9805001801 | VIOL O/PROBATN | Current | 2 | 0 | 0 | 07/24/2002 | 07/23/2004 | 05/24/2004 | 05/24/2004 | | |
| U8 | Henry Dupont Ridgely | STANDARD | 07/29/2002 07/24/2002 | | | | | | | | | |
| 9807006121 | VK9807054102 | VIOL O/PROBATN | Current | 2 | 0 | 0 | 07/23/2004 | 07/22/2006 | 03/12/2006 | 03/12/2006 | | |
| U8 | Henry Dupont Ridgely | STANDARD | 07/29/2002 07/24/2002 | | | | | | | | | |
| 0207018104 | IK02110190 | CONSP 2ND | Current | -2 | 0 | 0 | 07/22/2006 | 07/21/2008 | 12/30/2007 | 12/30/2007 | | |
| U8 | William L Witham | STANDARD | 12/10/2003 07/22/2008 | | | | | | | | | |

**Special Conditions:**

| CRA# | Level | Code | Condition Description | Condition Comments |
|---|---|---|---|---|
| IK02110188 | 5 | CRT1 | Other Conditions: | As to 02-11-0188; Sentenced to be incarcerated at level 5 for the remainder of your Natural Life. Declared an Habitual Offender pursuant to 11.Del.C.4214(b). |
| IK02110189 | 5 | CRT1 | Other Conditions: | As to 02-11-0189; Sentenced to be incarcerated at level 5 for the remainder of your Natural Life. Declared an Habitual Offender pursuant to 11.Del.C.4214(b). |
| VK9805001801 | 5 | CRT1 | Other Conditions: | As to VK98-05-0018 (Original charge = Burglary 1st); Sentenced to 2 years level 5. Suspended upon successful completion of Key program for 6 months level 4 Work Release. |
| VK9807054102 | 5 | CRT1 | Other Conditions: | As to VK98-07-0541 (Original charge = Att. Felony C.); Sentenced to 35 months level 5, suspended after serving 2 years for 1 year level 4 Work Release. Followed by 5 months level 3. |
| IK02110190 | 5 | CRT1 | Other Conditions: | As to 02-11-0190; Sentenced to 2 years level 5. |

A-17.

Exhibit (D.)

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    1
                         ( as of  07/30/2004 )
```

```
State of Delaware v.  FRED T CALDWELL                        DOB: 09/09/1976
State's Atty: JASON C COHEE , Esq.       AKA: FREDERICK T CALDWELL
Defense Atty: SHERYL RUSH-MILSTEAD , Esq.     FREDERICK T CALDWELL
```

Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0207018104B | IK02110188 | TRF.COC.5-50G | TG | 09/24/2003 |
| 002 | 0207018104B | IK02110189 | DEL NSII CS | TG | 09/24/2003 |
| 003 | 0207018104B | IK02110190 | CONSP 2ND | TG | 09/24/2003 |

| Event No. | Date | Event | Judge |
|-----------|------|-------|-------|
| 1 | 01/07/2003 | TRIAL CALENDAR-JURY TRIAL-CONTINUED_ FCR 2/12, T 2/19 COURT'S REQUEST-SIDEBAR DECISION | WITHAM WILLIAM L. JR. |
| 2 | 02/12/2003 | FINAL CASE REVIEW: NO PLEA/SET FOR TRIAL | VAUGHN JAMES T. JR. |
| 3 | 02/19/2003 | TRIAL CALENDAR - JURY TRIAL - CONTINUED - DEFENDANT NOT TRANSPORTED; INCLEMENT WEATHER; FCR 03/12/03  TRIAL 03/18/03 | VAUGHN JAMES T. JR. |
| 4 | 02/28/2003 | SUBPOENA(S) ISSUED. | |
| 5 | 03/12/2003 | FINAL CASE REVIEW: NO PLEA/SET FOR TRIAL 03/18/03. | RIDGELY HENRY DUPONT |
| 6 | 03/18/2003 | TRIAL CALENDAR-JURY TRIAL-CONTINUED COURT'S REQUEST-LACK OF JUDGES. | VAUGHN JAMES T. JR. |
| 7 | 04/28/2003 | CONTINUANCE REQUEST FILED BY STEPHEN WELCH, ESQ.; GRANTED BY JUDGE WITHAM; POLICE OFFICER TRAINING; FCR: 6/25 TRIAL 7/1/03 | WITHAM WILLIAM L. JR. |
| 8 | 06/25/2003 | FINAL CASE REVIEW: NO PLEA/SET FOR TRIAL_070103 | RIDGELY HENRY DUPONT |
| 9 | 07/01/2003 | TRIAL CALENDAR-JURY TRIAL-CONTINUEDCOURT'S REQUEST-SIDEBAR DECISION | WITHAM WILLIAM L. JR. |
| 10 | 09/10/2003 | FINAL CASE REVIEW: NO PLEA/SET FOR TRIAL 9/15/03 | RIDGELY HENRY DUPONT |
| 11 | 09/15/2003 | TRIAL CALENDAR- WENT TO TRIAL JURY | WITHAM WILLIAM L. JR. |
| 12 | 09/24/2003 | JURY TRIAL HELD ON 09/16, 17, 22, 23 AND 24/03; DEFENDANT WAS FOUND GUILTY AS TO ALL COUNTS. PSI ORDERED; SENTENCING DATE: 12/10/03 AT 9 A.M.   STATES ATTORNEY: JASON COHEE / DEFENSE ATTORNEY: SHERYL RUSH-MILSTEAD.   CC/M.JORDAN 09/16, 17, 22 AND 23  L.JACKSON 09/24/03 | WITHAM WILLIAM L. JR. |

A-18.

Exhibit (E)

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    2
                        ( as of  07/30/2004 )

State of Delaware v.  FRED T CALDWELL                        DOB: 09/09/1976
State's Atty: JASON C COHEE , Esq.      AKA: FREDERICK T CALDWELL
Defense Atty: SHERYL RUSH-MILSTEAD , Esq.      FREDERICK T CALDWELL


        Event
No.     Date        Event                                    Judge
-------------------------------------------------------------------------------
13    09/25/2003
        CHARGE TO THE JURY FILED.
14    10/08/2003
        LETTER FROM PARALEGAL OFFICE TO SHERYL RUSH-MILSTEAD, ESQUIRE
        RE: REFERRING CORRESPONDENCE THE COURT RECEIVED FROM THE DEFENDANT.
15    10/16/2003
        MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED. (J. COHEE)
16    10/20/2003
        DEFENDANT'S LETTER TO SHERYL RUSH-MILSTEAD, ESQUIRE
        RE: MOTION FOR A NEW TRIAL.
17    12/04/2003
        AMENDED MOTION. "WHEREFORE, THE STATE RESPECTFULLY MOVES THAT THIS
        COURT DECLARE DEFENDANT TO BE AN HABITUAL OFFENDER AND SENTENCE THE
        DEFENDANT PURSUANT TO 11 DEL. C. SEC. 4214(B)."
18    12/10/2003                                       WITHAM WILLIAM L. JR.
        SENTENCING CALENDAR: DEFENDANT SENTENCED.
19    12/10/2003                                       WITHAM WILLIAM L. JR.
        MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER GRANTED.
20    01/13/2004
        NOTICE OF APPEAL 12, 2004
21    01/13/2004
        DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT DUE NO LATER THAN 2/23/04.
22    02/19/2004
        TRANSCRIPT OF TRIAL TESTIMONY FILED (VOL E) (J. WASHINGTON)
23    02/27/2004
        LETTER FROM SUPREME COURT TO CHRISTINE QUINN RE: TRANSCRIPT DUE NO
        LATER THAN 3/24/04.
24    03/22/2004
        TRANSCRIPT OF TRIAL FILED. (VOL D) (J. CAHILL)
25    03/29/2004
        LETTER FROM SUPREME COURT TO SHEILA DOUGHERY, COURT REPORTER RE:
        TRANSCRIPT DUE NO LATER THAN 4/26/04
26    04/13/2004
        TRANSCRIPT OF MOTION HEARING FILED. (DOUGHERTY)
27    04/19/2004
        TRANSCRIPT OF HEARING ON MOTION AND TRIAL. (VOL A) (DOUGHERTY)
28    04/26/2004
        TRANSCRIPT OF TRIAL FILED. (VOL B) (C.QUINN)
29    04/26/2004
        TRANSCRIPT OF TRIAL FILED. (VOL C) (C. QUINN)
30    04/26/2004
        TRANSCRIPT OF SENTENCING FILED. (C. QUINN)
```

A-19.

SUPERIOR COURT CRIMINAL DOCKET                    Page    3
( as of   07/30/2004 )

State of Delaware v.  FRED T CALDWELL                    DOB: 09/09/1976
State's Atty: JASON C COHEE , Esq.       AKA: FREDERICK T CALDWELL
Defense Atty: SHERYL RUSH-MILSTEAD , Esq.       FREDERICK T CALDWELL

|      | Event |        |        |
| No.  | Date  | Event  | Judge  |
|------|-------|--------|--------|

31   05/11/2004
     MANDATE FILED FROM SUPREME COURT:  REMANDED; JURISDICTION RETAINED.
     SUPREME COURT CASE NO: 12, 2004
     PURPOSE: EVIDENTARY HEARING TO DETERMINE IF DEF SHOULD GO PRO-SE OR
     HAVE COUNSEL
32   05/14/2004                                 WITHAM WILLIAM L. JR.
     LETTER FROM JUDGE WITHAM TO JASON COHEE, ESQ AND SHERY RUSH-MILSTEAD,
     ESQ RE: EVIDENTIARY HEARING SCHEDULED FOR THURSDAY, JUNE 3, 2004 AT
     2:00 P.M.
33   06/03/2004                                 WITHAM WILLIAM L. JR.
     EVIDENTIARY HEARING HELD. JUDGE WITHAM ORDERED THAT THE PD IS TO ACT
     AS STAND BY COUNSEL. S/J. COHEE  PD/S. RUSH-MILSTEAD CR/J. WASHINGTON
     CC/B. HOLCOMB
34   06/08/2004
     ORDER: DEFENDANT KNOWINGLY AND VOLUNTARILY WISHES TO PROCEED PRO SE ON
     HIS APPEAL. NOW, THEREFORE, IT IS ORDERED THAT THE PROTHONOTARY SHALL
     FORTHWITH TRANSMIT THESE FINDINGS OF FACT AND CONCLUSIONS OF LAW TO
     THE CLERK OF THE SUPREME COURT OF DELAWARE.
35   06/22/2004
     RECORDS SENT TO SUPREME COURT.
36   07/20/2004
     LETTER FROM CATHY HOWARD  TO FRED CALDWELL
     RE:IF YOU INTEND TO REQUEST THE SUPERIOR COURT TO PROVIDE YOU WITH THE
     TRANSCRIPT AT STATE EXPENSE, YOU MUST, BY JULY 29, 2004, SUBMIT AN
     APPLICATION MAKING THAT REQUEST TO THE HONORABLE WILLIAM WITHAM AT THE
     SUPERIOR COURT, KENT COUNTY COURTHOUSE, 34 THE GREEN, DOVER, DE. AND
     FILE A COPY WITH THIS COURT INDICATIONG THAT YOU HAVE DONE SO NO LATER
     THAN JULY 29, 2004.
37   07/30/2004
     COPY OF DOCKET REQUESTED AND SENT.

             *** END OF DOCKET LISTING AS OF  07/30/2004 ***
             PRINTED BY: CSCJBE2

$A$-20.

# COPY

1        IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

2                    IN AND FOR KENT COUNTY

3    - - - - - - - - - - - -x
                            :
4    STATE OF DELAWARE        : I.D. No. 0207018104B
                            :
5           v.               : Criminal Action Nos.
                            : 02-11-0188 thru 0190
6    FRED T. CALDWELL,        :         RECEIVED
                            :
7           Defendant.       :         APR 3 07
                            :
8    - - - - - - - - - - - -x         BY:

9
                    T R A N S C R I P T
10                        O F
                   P R O C E E D I N G S
11

                        Kent County Courthouse
12                       Dover, Delaware
                        Wednesday, December 10, 2003
13
             The above-entitled matter was scheduled for
14
     sentencing in open court at 9:30 o'clock a.m.
15
        BEFORE:
16
             THE HONORABLE WILLIAM L. WITHAM, Judge.
17

18    APPEARANCES:

19        JASON C. COHEE, Deputy Attorney General,
                appearing on behalf of the State of
20              Delaware.

21        SHERYL RUSH-MILSTEAD, Assistant Public
                Defender, appearing on behalf of the
22              Defendant.

23

                    A-21.

              CHRISTINE L. QUINN  Exhibit "(F.)"
              OFFICIAL COURT REPORTER

1    trafficking charge from 1995.  We have possession

2    with intent to deliver cocaine charge, which overlaps

3    with the burglary first, that's why I have it in the

4    same section in the motion, and then we also have the

5    instant case we had trial on this past September, the

6    trafficking cocaine and the delivery of cocaine.

7         Based off of what you heard from Mr. Hegman

8    and the State's motion and the certified docket

9    entries that were entered, the State moves him to be

10    declared a habitual offender under 4214(b).

11         THE COURT:  Okay.  All right.

12         The State has moved to have Mr. Caldwell

13    declared as a habitual offender pursuant to 11

14    Delaware Code Section 4214(b).

15         Is there any argument by the defense at this

16    point?

17         MS. RUSH-MILSTEAD:  Your Honor, there is no

18    room for argument under 4214(b) once the statutory

19    requirements have been met, so no.

20         THE COURT:  Okay.  Given what I have --

21    what's been presented to the Court to date involving

22    Mr. Hegman, who did compare the print of Mr. Caldwell

23    that occurred in open court today with the previous

A-22.          CHRISTINE L. QUINN
               OFFICIAL COURT REPORTER  Exhibit (G)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

Fred T. Caldwell                          Cr.A.No.#IK98-05-0018 through 0023
Defendant/Movant,                                  Cr.Id.No.#9804006339

                    v.

State of Delaware
Respondent.


MEMORANDUM OF LAW IN SUPPORT OF THE RULE 61, MOTION
FOR POST-CONVICTION RELIEF.

    The defendant, Fred T. Caldwell, Pro-se, moves this Honorable court
pursuant to superior Court Criminal Rule 61, to reverse his conviction on the
charge of: Burglary 1st degree.

    Based on the errors of law and constitutional violations as stated in
this memorandum and attached motion for post-conviction relief. This is the
defendant's memorandum of law in support of his request for relief.

Case History & Procedural Issues

    The record in defendant's case shows that he was initially indicted on
"6" charges. Defendant entered a guilty plea to on #1 of the charges, which
was: Burglary 1st degree.

    Subsequent to the defendant's plea on March 4th, 1999 defendant was
sentenced to a total period of 3 years of incarceration, suspended for "9"
months level #5, one year level #3, and one year level #2. During plea
negotiations, the defendant was made a promise by state and counsel, and on
12-10-03, that promise was breached by the state prosecutor, D.A.G. Jason
Cohee, esq. Based on that broken promise, during the plea negotiations this
motion for rule 61, relief is now being filed.
    The Present day Superior Court Criminal Rule 32(d), Withdrawal of
plea of guilty, reads as follows;
    If a motion for withdrawal of a plea of guilty or nolo contendere is
made before imposition or suspension of sentence or disposition without

A-23.    1

entry of a judgment of conviction, the court may permit withdrawal of the plea upon a showing by the defendant, of any (fair and just reason). At any later time, a plea may be set-aside only by motion under Rule 61.

Notwithstanding the provisions of the above present day rule 32(d), the language contained in the old Rule 32(d) provided that, to correct "manifest injustice," the court after sentence may set aside the judgment of conviction and permit him to withdraw his plea.

Hence, it appears that the standard "fair and just reason" as implemented in the present day rule, substituted the standard "manifest injustice" in the old rule.

Moreover, since the adoption of the Superior Court Criminal Rule61, it had been "procedurally" established that if a "motion" for withdrawal of a plea is filed anytime after the imposition of sentence, a plea may be set-aside only by a motion pursuant to Rule 61. The standard under Rule 61, by which to judge a defendant's request to withdraw a guilty plea is whether the defendant has shown, "prejudice amounting to manifest injustice." The procedural requirement of rule 61, (i)(#1) demands that a rule 61, motion must be filed within three years from the final judgment. In this case, a fact to be considered is that although the plea was made, and the defendant was sentenced on, March 4th, 1999, the plea promise, has just now been breached on, 12-10-03, thus, this motion must be regarded as being timely filed, also the "cause" and prejudice requirement of rule 61, (i)(3)(A)(B), has been met, through the plea promise, just now being breached, and the prejudice defendant suffered from that breach of plea promise. Furthermore, the requirements of rule 61, (i)(#1) through (#3) must be set aside, and this motion's grounds meet the requirements, and must be heard pursuant to Rule 61 (i)(#5) due to a "miscarriage of justice." Because of the state breach of plea agreement "promise made," and counsel's ineffective assistance during plea negotiations, which prejudiced substantial constitutional rights of the defendant's, and questions the fundamental legality, reliability, integrity, and fairness of the proceedings/plea negotiations, leading to the judgment of conviction, as to whether the plea was truly voluntarily made by the defendant, apart from the promise made to defendant, and agreed to by counsel, and the state, that was later breached. Thus, this motion must be heard, pursuant to Rule 61 (i)(5).

However, based on the above principles embodied in Superior Court Criminal Rule 32(d), defendant's motion to withdraw his guilty plea, or for the court to order, (specific performance of promise made), is predicated upon claims of state error, and ineffective assistance of counsel, wherein he maintains that he had been deprived of substantial constitutional rights. Exhibit(B.) Therefore, despite the fact that defendant's motion is now being presented

A-24.    2

after his sentence, defendant states that his application is the appropriate remedy available to him, and he will demonstrate that (his case) does meet the required standard of "fair and just reasons" as prescribed by the present day Rule 32(d), and "prejudice amounting to manifest injustice" under Rule 61, whereby this court should exercise its duty to correct the manifest injustice done in his case, and set aside the judgment of conviction and permit him to (withdraw his plea) or in the (alternative) to order the (specific performance) of the plea "promise made" by state and counsel, see U.S. v. Nelson,837,F.2d 1519,1523,1525 (11th cir. 1998); see also U.S. v. Gomez,271 F.3d.779,781-82 (8th cir. 2001).

Ground One

State/prosecution breach of plea agreement promise made to defendant

Defendant argues that the state breached the plea agreement "promise made" to him by counsel and state D.A.G. Steve Welch, during his plea negotiations on March 4th, 1999, that the "burglary 1st degree" conviction would not be used to ever sentence defendant as a habitual offender, if he would accept the plea of guilty, which prejudiced defendant's substantial rights to a fair voluntary plea agreement, effective counsel, and prejudiced defendant through the breached state promise, and use of the conviction to sentence him pursuant to 11.Del.code.sec.4214 (b), which clearly questions the voluntariness of the plea agreement, as to whether it was voluntarily made apart from the promise made to defendant.

Defendant asserts the following facts, and law, to support his claim of error, see U.S. v. Barnes,278.F.3d.644,649 (6th cir. 2002). On the date of March 4th, 1999, during plea negotiations, in the case under attack in this motion, a "promise" was made to the defendant, and agreed to by, counsel, Charles Whitehurst, and D.A.G. Steven Welch, in order for the defendant to voluntarily accept the plea agreement, see exhibit ("A." and "B." ).

Defendant contends that, the promise was that, the burglary 1st degree conviction, if he accepted the plea of guilty, was that the state would not use the charge/conviction, to sentence him as a habitual offender, and "based on that promise," made and agreed to by "counsel, and state prosecutor," the plea agreement was accepted by the defendant, see ( exhibit "B." ). Fact is that, on the date of 12-10-03, in a separate case that "promise" was breached by the "state" prosecutor, D.A.G. Jason Cohee, and the defendant was invalidly sentenced as a "habitual offender," based on the burglary 1st conviction, and breached promise made on March 4th 1999, see, exhibit (F, and G.)

A-25.    3

( exhibit ("E.") and ("B.") ), which makes the March 4th, 1999, plea agreement breached, null, and void, and involuntarily made, apart from the promise made to defendant, see U.S. v. Camarillo-Tello,236 F.3d.1024,1027(9th cir. 2001)(Promise breached).

Due process requires that "any ambiguity" will be construed against the "government/prosecution," and in accordance with the defendant's "reasonable understanding" of the agreement/promise. In the case at hand, the defendant clearly had a reasonable understanding, that when his counsel, and state, make, and "agree" to a promise to him, whether "written or orally" that the promise is indeed legally binding, and based on the promise made by counsel, and the prosecution, the conviction "would not" be used to sentence him as a habitual offender. Yet on the date of 12-10-03, in a separate case, that promise/agreement was indeed breached, based on the state's use of the March 4th, 1999 burglary 1st degree conviction. Although the record does not reveal the full substance of the promise, it indeed reveals that a promise was indeed made by the parties involved in the plea agreement, thus any unclearness, must be resolved in the defendant's favor, see U.S. v. Riera,298 F.3d. 128,133 (2d.cir.2002) (ambiguities in plea, "promise/agreements," are to be resolved against the government.), see also U.S. v. Gebbie,294 F.3d.540,552 (3d.cir.2002), the principal will apply. The promise made by the "prosecution, and counsel," which both reviewed,and signed the "plea agreement/truth in sentencing guilty plea forms," that was later breached, and promise not fulfilled by the "state," that was   see, Exhibit ("A.& B.") unconstitutionally made just to get a plea of guilty, clearly questions, the fundamental fairness of the plea bargaining process, as to whether the plea was voluntarily made, apart from the promise. (Plea agreement must be knowing and voluntary.) Citing U.S. v. Harvey, 791 F.2d. 294,301 (4th cir. 1986).

Defendant contends that he was "prejudiced specifically" by the involuntary coerced plea through, the promise made, and breached, along with the state's use of the conviction to sentence him pursuant to 11.Del.Code.sec.4214 (b). Thus, the "withdrawal" of the plea agreement, or the "specific performance" of promise, is warranted in this case. The U.S. (11th circuit federal court has ruled that) the specific performance is generally ordered if the defendant can show prejudice, see U.S. v. Nelson,837 F.2d.1519,1523,1525 (11th cir. 1998).

In the case at hand the defendant contends that, he has clearly shown that prejudice, as a result of the prosecution, and counsel's error during the bargaining process, and later breach of promise/agreement, and sentence, as a habitual offender as a result of that conviction. Thus, relief is indeed

A-26.   4

required, and defendant requests that such relief would be granted by this court. please see, Exhibit ("E" page 2.#) and, Exhibits (F.) & (G.)".

The defendant contends that he is entitled to an evidentiary hearing in this case, please see Peavy v. U.S., 31 F.3d 1341, 1345-46 (6th cir. 1994), and pursuant to Super.Ct.Crim.R.61,(h) defendant requests such a hearing.

## Ground Two
### Ineffective assistance of counsel during plea negotiations

Defendant argues that he was denied his right to effective assistance of counsel guaranteed by the sixth Amendment of the United States Constitution, during the plea negotiations, when counsel, (made a promise) with the prosecution, to the defendant in order, for the defendant to voluntarily accept the plea agreement and promise, which made plea voluntary, was later breached by the state, D.A.G. Jason Cohee on 12-10-03. Counsel's error and state breach of promise made to the defendant, caused the denial, and prejudice of several substantial constitutional rights of defendant, see (Exhibit (B.)(A.)            ).

In order for the defendant to prevail on his claim of ineffective assistance of counsel, during plea negotiations, the defendant must establish that his counsel's conduct/representation fell below an objective standard of reasonableness, and had it not been but for counsel's error, there is a reasonable probability that the defendant would not have accepted the plea agreement and suffered prejudice, thus the outcome of the proceedings would have been different.

During plea negotiations on March 4th, 1999, counsel and the prosecution made a "promise" to the defendant that, if he plead guilty, the state would not use the burglary 1st degree conviction, to later have the defendant sentenced under 4214(b)and the record clearly shows that a promise was indeed made by counsel, and agreed to by the state, during plea negotiations/agreement, process, that wasn't placed in written form, see exhibit ("A. & B".            ).

On the date of 12-10-03, that very promise made to the defendant, in order for the plea of guilty to be voluntarily made, was (breached) in a separate case, and the defendant suffered prejudice specifically because he was sentenced pursuant to 11.Del.Code.sec.4214 (b), based on that very conviction, see exhibit ((F.)-&-(G.) also (E) page 2.#    ).

Defendant contends that the "promise" that was made to him, on March 4th, 1999, that was later breached on 12-10-03, is the result of a

A-27.    5

coerced plea agreement, by counsel, and the state, thus withdrawal or specific performance is    warranted.

Defendant contends that Rule 11 reads that, the plea of guilty is not supposed to be accepted, based on promises, not stated in the written plea agreement, and counsel, and the prosecution were clearly aware of this fact, yet made, and agreed to the promise, to defendant, to coerce a voluntary plea of guilty. Thus, the defendant has clearly shown prejudice done to him, and also shown, (fair and just reasons) as to why the withdrawal or specific performance, of the plea promise is indeed warranted in this case.

Counsel's conduct during plea negotiations, clearly fell below an objective standard of reasonableness, and had it not been for counsel's unprofessional error, with the state, and had the promise have not been made to the defendant, nor breached, there is indeed a reasonable probability that the outcome of the case would have been different, and the defendant would not have plead guilty at all. Thus, relief is indeed warranted in this case. However this motion requires an evidentiary hearing, and pursuant to Super.Ct.Crim.R.61 (h), defendant requests such a hearing to ensure the satisfaction of the Strickland Standard.

## Conclusion

Wherefore based on the prosecution, and counsel's, error cited within this motion, and memorandum of law, and the prejudice defendant suffered, as a result of the coerced, breached, plea promise made to him, which was a (stratagem) by counsel, and the prosecution, and is indeed a (fair and just reason) as to why relief is warranted, due to the denial, and prejudice, of substantial rights, and the defendant requests relief by this court, in the form of an order granting him the withdrawal of the guilty plea, or the specific performance of counsel and the state's promise made to him.

Respectfully submitted,

X _Fred T. Caldwell_

Fred T. Caldwell SbI. 00213476
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Dated _____

A-28.    6

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

STATE OF DELAWARE,                )
                                  )
v.                                )      I.D. No.: 9804006339
                                  )      Cr. A. No.: IK98-05-0018 thru 0023
                                  )
FREDERICK CALDWELL,               )

### AFFIDAVIT OF CHARLES E. WHITEHURST, JR.

COMES NOW, the undersigned in response to the allegations as numbered in the
Rule 61 Motion as follows:

At page three of his application Mr. Caldwell indicates that there was a promise
made to the defendant regarding a burglary in the first plea. The promise was that such
plea would not be used to sentence the defendant as a habitual offender. The undersigned
recalls a conversation along those lines. It is his understanding that at the time of that
plea Mr. Caldwell would have been eligible for habitual offender's status. Discussions
occurred between counsel and D.A.G. Welch. An agreement with Mr. Welch was made
in connection with the 1999 case. At that time the State agreed not to seek habitual status
against Mr. Caldwell. There was no discussion as to whether this prohibition regarding
that conviction in 1999 would extend to cases in the future. If that had been the case,
· counsel would have had the agreement placed in writing. Counsel could not anticipate a
felony conviction in 2003.

A-29.

STATE OF DELAWARE:
                            : SS.
COUNTY OF KENT       :

 BE IT REMEMBERED that on this $\underline{7^{th}}$ day of $\underline{May}$ , A.D.,

2006, Charles E. Whitehurst, Jr.,  personally appeared before me, the Subscriber, a

Notary Public for the State and County aforesaid, Charles E. Whitehurst known to me

personally to be such, and he did depose and say that the facts set forth in the attached

affidavit are true and correct to the best of his knowledge, information and belief.

<br>

         _____

         CHARLES E. WHITEHURST, JR.

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

        _____

        Notary Public

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

STATE OF DELAWARE,                     )
                                       )
      vi.                              )    I.D. No.: 9804006339
                                       )    Cr. A. No.: IK98-05-0018 thru 0023
                                       )
FREDERICK CALDWELL,                    )

### CERTIFICATE OF SERVICE

I hereby certify that I have caused copies of:

AFFIDAVIT OF CHARLES E. WHITEHURST, JR.

to be served upon the following:

    Frederick Caldwell
    SBI # 213476
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

    Jason Cohee, Esq.
    Deputy Attorney General
    Department of Justice
    102 W. Water Street
    Dover, DE 19901

by mailing copies to the addresses shown above, via U.S. Mail, postage pre-paid on

_____5/4_____, 2006.

                CHARLES E. WHITEHURST, JR., LLC

    By_____
          CHARLES E. WHITEHURST, JR., ESQ.
          I.D.# 2072
          33 S. State Street
          Dover, DE 19901
          (302) 672-6363

A-31.



# STATE OF DELAWARE
## DEPARTMENT OF JUSTICE

## CARL C. DANBERG
**Attorney General**



**NEW CASTLE COUNTY**
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

**KENT COUNTY**
102 West Water Street
Dover, DE 19904
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545

MAY 1 8 2006



**SUSSEX COUNTY**
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-2500

**PLEASE REPLY TO:**

May 18, 2006

The Honorable Andrea Maybee Freud
Superior Court Commissioner
Kent County Courthouse
38 The Green
Dover, DE 19901

RE:    State v. Fred T. Caldwell
       Cr. I.D. Nos. 9804006339 ~~and 9807006121~~

## STATE'S ANSWER TO DEFENDANT'S MOTION
FOR POST-CONVICTION RELIEF

Dear Commissioner Freud:

Please accept the following as the State's response to the captioned motion.

### DEFENDANT'S FIRST GROUND

As stated by defense counsel in his affidavit, there was no agreement between the defendant and the State that precluded the use of the Burglary First conviction to qualify the defendant for habitual sentencing in future cases. The agreement was simply that the State would not seek habitual sentencing on the Burglary First. The agreement did not contemplate or include any future crimes. Deputy Attorney General Stephen Welch has never agreed in plea negotiations that a conviction would not be used for any future habitual determination for a future crime.

### DEFENDANT'S SECOND GROUND

See State's response to Defendant's First Ground.

A-32.



## TIME BARRED

This Motion for Post-conviction relief is also time barred. It appears that the defendant was sentenced on the violation of the Burglary First charge on July 24, 2002 (9804006339). Under Rule 61 that order became final on August, 23, 2002. That would make the Rule 61 deadline August 24, 2002. The Attempted Possession With Intent To Deliver violation of probation was appealed to the Supreme Court and was affirmed on September 30, 2004. That would make any Rule 61 due by September 30, 2005. Upon information and belief, defendant filed the current Motion on December 27, 2005. Assuming, only for the purposes of this timeliness argument, that the plea agreement was breached when the State filed the Habitual Motion on October 16, 2003, this Motion is time barred. Defendant waited over two years to file this Motion after he perceived a breach in the prior plea agreement.

## REPETITIVE MOTIONS

Additionally, this is the second Rule 61 Motion filed in this matter. The claims raised in the current Motion were not raised in the prior motion. Under Rule 61(i)(2) consideration of this Motion should be barred. The "interests of justice" do not call for its consideration in this instance. The alleged breach occurred well over a year prior to defendant's first Rule 61 Motion. Nothing new occurred with respect to the instant claim after that first motion was filed. To the extent there is an issue, it was imminently knowable at the time the first motion was filed and should have been included. There is no reasonable excuse to wait another 10 months to file another Rule 61 motion. The docket suggests that the defendant's first Rule 61 was denied and he simply is trying another tactic.

For the reasons stated, the State respectfully prays that the Court deny the instant motion.

Respectfully submitted,

Jason C. Cohee, Esq.
Deputy Attorney General

cc:    Chuck Whitehurst, Esq.
       Fred T. Caldwell
       Prothonotary

jcc:

A-33.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

Fred T. Caldwell                              Id.no#9804006339
Defendant,                                    Cr.A.no#IK98-05-0018 thru 0023

       vs.

State of Delaware
Respondent.

To: The Honorable Commissioner
    Andrea Maybee Freud
    Kent County Superior Court
    Kent County Courthouse
    38 The Green
    Dover, Delaware 19901

This is the defendant's response to the Affidavit of counsel Charles E. Whitehurst
Jr., that was filed in response to the defendant's Super.Ct.Crim.R.61 motion.

COMES NOW, the defendant in response to counsel's untimely filed affidavit, that
was accepted by this court, and the fact that, the defendant has just now received a
copy of counsel's affidavit, on Aug. 2nd, 2006; see attached exhibit A;

_____ That is why the
defendant's response to counsel's affidavit is now being filed.

In response to counsel's affidavit, defendant contends that his counsel at that time
bears witness to the truth that, defendant was indeed "promised" as part of the
agreement that, "only if he pled guilty" the "conviction" would not be used to seek
habitual status, and defendant contends that it was "promised" that it "would
never" be used to seek the habitual status.

$A$-34.

$1.$

Defendant also contends that, fact is that, at the time of the plea promise, he was "not at all" eligible for the habitual offenders status, yet the promise was made by the prosecution. Therefore the promise made must also apply to, and must cover any future proceedings, which would if the defendant agreed to plead guilty to a "felony" would "bar this conviction" from ever being used by the prosecution. Otherwise why discuss a plea, based on a status the defendant does not yet fit. Unless defendant is being lied to to get a guilty plea, which would also be error that makes the plea involuntary made.

The prosecution, D.A.G. Welch, was indeed clearly fully aware of defendant's status/criminal record, "at that very time," and indeed made the promise to get the plea of guilty, which the state was also aware it could only apply to any future proceedings that the conviction could be used in. Thus counsel Whitehurst would not have to anticipate future felony convictions because if promise honored this conviction can't be used within any habitual sentencing proceedings. Therefore, counsel was never required to anticipate a conviction in ✳ 2003.

The defendant contends that "his concern" before the plea agreement was a felony being placed on "his record," which could have been used at that very time, "only if the defendant wasn't being lied to," by counsel and the state, and it could also have been used in any future proceedings to sentence the defendant as a habitual offender. Therefore the promise that the conviction would "never be used" to seek habitual status only if defendant pled guilty, does indeed cover also future proceedings, to bar the use of this conviction by the state.

Fact is that, a habitual offender "was not" the defendant's status at "that very time of plea," which "the state/D.A.G. Welch" was "aware" of and still made the promise to the defendant, which is indeed proof of the defendant's "reasonable understanding," of the promise and plea agreement made to him, which, due to defendant's status at that very time, such a promise indeed extends to, and must "apply" and be "enforced" in any future proceedings that this conviction could be used in by the prosecution.

A-35.

2 ⁴⁺

Furthermore, the defendant contends that the "specific promise" made to him, was indeed that this conviction, only if he pled guilty, " would never" be used to sentence him as a habitual offender, which would have "secured then and later" in the future if need be. Defendant contends that, had it not been but for the specific promise made to him, the plea agreement "would not" have been "accepted at all," by the defendant in this case.

Defendant also contends that, "any promise" made to the defendant, as part of the agreement to get a plea of guilty, that has not been placed on the record in the agreement "is in error" because the plea "is not" supposed to be accepted, based on an "unclear record" of a promise made to get a guilty plea. Thus, any promise made as part of the agreement "specifically" to get the plea of guilty, no matter what the specific promise was, counsel is "indeed in error" not to "have placed in writing." Otherwise, how would "the court", if the "promise has been breached," or if the plea was truly voluntarily made? (know)

Defendant contends that the promise made in this case was indeed "breached" by the state, and the "plea was also coerced," and "the law is" any ambiguities in plea, promise/agreement, are to be resolved against the government/state, in accord with the defendant's "reasonable understanding," of the promise/agreement.

The promise made by the state, and then "later breached," made the plea that was accepted specifically due to that very promise involuntarily.

Furthermore, "even if" the promise "didn't extend" to any possible future proceedings, for counsel, and state D.A.G. Welch, to tell the defendant that he is indeed eligible for the habitual offenders status (when in fact he truly was not), and then to "promise" the defendant, that if he pled guilty the conviction will never be used, and the state will agree, not to sentence you as a habitual, would also make the plea "truly involuntarily made and coerced" based on a "threat, and a lie" told to the defendant, and promise made just to get a guilty plea.

A-36.

3.#

## Conclusion

It is indeed clearly unreasonable and ineffective of counsel not to be aware of defendant's "true status," when a guilty plea is "made" based on a specific promise, and because "the state" was aware of defendant's true status at "that time," and made the "specific promise" to get a guilty plea, then also breach the promise, is indeed error either way, by using it to get the guilty plea when it wasn't defendant's status, and later breach of promise. Thus, relief is indeed required. In the interest of justice, the plea must be "withdrawn" and has clearly been "breached and involuntarily made" and D.A.G. Welch is indeed aware of this fact, .

Respectfully submitted,

X _Fred T. Caldwell_

Dated ___"9 - 19 - 06".___

Fred T. Caldwell SBI #00213476
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

A-37.

4. #

Law Offices Of
## CHARLES E. WHITEHURST, JR., LLC
33 S. State Street
Dover, Delaware 19901

Charles E. Whitehurst, Jr.
cwhitehurst@charleswhitehurst.com

Phone: (302) 672-6363
Fax: (302) 672-6366

July 31, 2006

Mr. Fred Caldwell
SBI# 213476
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Caldwell:

Enclosed is a copy of the Affidavit filed May 4, 2006.

Yours truly,



; E. WHITEHURST, JR., LLC
  ATTORNEY AT LAW
  33 S. STATE STREET
VER, DELAWARE   19901

WILMINGTON DE 197

31 JUL 2006 PM

**RECEIVED**

AUG 0 1 2006

**Delaware Correctional Center**

Mr. Fred Caldwell
SBI# 213476
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977



RECEIVED

AUG 0 2 2006

**Delaware Correctional Center**

A-38.

## Certificate of Service

I, _Fred T. Caldwell_, hereby certify that I have served a true and correct cop(ies) of the attached: _Response to Counsel,_ _Charles E. Whitehurst, Affidavit_, upon the following parties/person (s):

TO: _Prothonotary's Office_ TO: _____

_Kent County Superior Court_ _____

_Kent County Courthouse_ _____

_38 The Green_ _____

_Dover, Delaware 19901._ _____

TO: _____           TO: _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this __19__ day of ___September___, 2006

_Fred T. Caldwell_

A-39.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

Fred T. Caldwell,                           Cr.A.no#IK 98-05-0018 thru 0023
Defendant,                                  Cr.Id.no#9804006339

vs.

State of Delaware

To: The Honorable Commissioner
    Andrea Maybee Freud
    Kent County Superior Court, Courthouse
    38 The Green
    Dover, Delaware 19901

This is the defendant's reply to the state's legal memorandum that was filed on
May 18th, 2006, based on defendant's rule 61 motion, filed on December 27th,
2005, in the above specific case.

COMES NOW, the defendant responds to the state's legal memorandum as
follows:

       The state's legal memorandum argument must be rejected by this court
"specifically because," first of all, D.A.G. Jason C. Cohee was indeed "not
present" during the plea agreement, and negotiations, that took place on March 4th
1999, therefore, D.A.G. Jason C. Cohee cannot truthfully respond to the "exact
content of the "specific promise" made to the defendant. Jason C. Cohee is clearly
"not aware" of exactly what D.A.G. Stephen Welch promised and agreed to at that
"very time," furthermore, defendant was indeed not eligible for the habitual
sentencing status at that time, that is fact. The specific promise made to get a
guilty plea was that the conviction would "never be used" in any such
proceedings, and that promise was breached, and the law is, that any "ambiguities"
in plea promise are to be resolved against the state. Furthermore, why wasn't the
promise placed in writing, to end the dispute once and for all? The state's legal
memorandum must be rejected and relief is indeed required in this case. It's
"clearly absurd" for the agreement to "simply" be that the state would not seek a
sentence that the defendant was "not eligible" for at that time, only if defendant
accepted the plea. The "specific promise" was clearly that the conviction would
"never be used" in any such proceedings.

A-40.

In response to the state's legal memorandum "time barred" argument, the defendant cites the following facts, which show this motion/issue is indeed "not" time barred, and the state's argument must be rejected. First of all, the attempted "possession and burglary 1st, V.O.P. sentence" had nothing to do with the breach of the burglary 1st plea agreement, case, it was two separate sentences, involved, which were the attempted possession V.O.P. sentence case, and the "other case" is the plea agreement breach in the burglary 1st, case alone, which also involved two separate lawyers to litigate (Sandra Dean, esq.) and the burglary plea breach involved attorney (Charles E. Whitehurst, esq.). Defendant contends that, the "time limit" of the V.O.P. sentence appeal, and rule 61 motion, has nothing to do with, and does not apply to the time limit to file the rule 61 motion based on the breached burglary 1st plea agreement. Once the plea was "actually breached" on 12-10-03, the defendant has a total of "three years" to file the rule 61 motion in that case, therefore, to wait two years does not exceed that time limit. Also, fact is that "the defendant falls under" the three year rule 61 "old time limit" requirement, and the (not) "new one year" rule 61 motion requirement, therefore because defendant's motion did not exceed three years after the "12-10-03" breach of plea, it clearly is not time barred, argument must be rejected, and this motion heard. From "12-10-03" breach until, that "12-27-05" rule 61 motion was filed, clearly adds up to a timely filed motion; please see Rule 61(b)(#3) & Rule 61(i)(#1) old requirement attached as exhibit (A).

Defendant also contends that, because the plea, and judgment was on "3-4-99", and it was just breached on "12-10-03" the time bar must be set aside and this issue/ground heard, Pursuant to rule 61.(i)(5)#, furthermore, defendant contends that he was denied all constitutional rights, that are waived when a plea is accepted. Therefore it is not time barred, 61.(i)(5)#

$A$-41.

In response to the state's legal memorandum Repetitive Motion argument, defendant contends that the state's legal memorandum response is false, absurd, and clearly must also be rejected specifically because, first of all, pursuant to "rule 61(b)(#3)." The judgements entered at different times shall be challenged by "separate motions," which the defendant indeed followed, and did in this case, the attempted possession V.O.P. warrant, and sentence/judgement of conviction, was challenged in a separate "motion", which had "nothing" to do with the 12-27-05 rule 61 motion, which challenged the "12-10-03" breach of the "3-4-99" plea agreement in the judgement of conviction entered on the burglary 1st conviction alone. Therefore, the 12-27-05 rule 61 motion is indeed only the first motion filed in this matter of the 3-4-99 judgement of conviction, and 12-10-03 breach of that plea, and defendant contends that, it is not the second motion filed by him in the "same matter" as falsely alleged by the state. The plea promise had not yet been breached at the time of the Cr.Id.no#9807006121 V.O.P sentence, simply because the case number was part of the V.O.P. only required the V.O.P. sentences to be challenged together in one motion, not the breached plea case, therefore it should have "not" been included; see Exhibit(D). Defendant contends that he waited ten months to file this motion apart from the V.O.P. rule 61 motion, because it was two "separate matters," and judgements of conviction, entered by two separate judges, and defendant still had time to file the rule 61 motion, in the breached "plea promise" case, because the three year filing requirement had not passed.

The docket clearly shows that defendant filed two separate "rule 61" motions, based on "two separate matters," and judgements of conviction, complying with rule 61(b)(#3); see attached docket, exhibit (B). Defendant last contends that, it is unreasonable for him to try another tactic concerning the V.O.P. matter, because all of the level five time has been served; see attached exhibit (C)-status sheet in V.O.P. matter. Therefore, the state's claim, and facts, must be rejected, and this motion is not a repetitive motion, the promise made was broken and plea breached, and in the name of truth, and justice, the error must be corrected, and relief is indeed required.

$A$-42.

3.#

Please see Exhibit (D) which shows that the V.O.P., was a separate sentence challenged, by defendant, and this court was clearly aware that the rule 61 motion was based on the V.O.P. sentence alone.

Defendant filed a separate rule 61 motion based on the breached plea promise which was a separate judgement challenged, that should have not been included in the unrelated V.O.P. rule 61 motion; see rule 61(b)(#3).

Based on the facts of this "reply brief" the state's legal memorandum must be rejected, and defendant prays that this court would grant the requested relief to him.

Respectfully submitted,

X _Fred T. Caldwell_

Fred T. Caldwell SBI#00213476
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Dated___"10 - 30 - 06."_____

A-43.

4 #

Westlaw.

C

### WEST'S DELAWARE RULES OF COURT
### SUPERIOR COURT RULES OF CRIMINAL PROCEDURE
### X. GENERAL PROVISIONS

Copr. © 2004 by West, a Thomson business. All rights reserved.

Current with amendments received through 12/15/2003

RULE 61. POSTCONVICTION REMEDY

#### (a) Scope of Rule.

(1) Nature of Proceeding. This rule governs the procedure on an application by a person in custody or subject to future custody under a sentence of this court seeking to set aside a judgment of conviction or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence. A proceeding under this rule shall be known as a postconviction proceeding.

(2) Exclusiveness of Remedy. The remedy afforded by this rule may not be sought by a petition for a writ of habeas corpus or in any manner other than as provided herein.

#### (b) Motion for Postconviction Relief.

(1) Form of Motion. An application under this rule shall be made by a motion for postconviction relief. The movant must use the prescribed form which shall be made available without charge by the prothonotary. The motion shall be typewritten or legibly handwritten and shall be signed under penalty of perjury by the movant.

(2) Content of Motion. The motion shall specify all the grounds for relief which are available to the movant and of which the movant has or, by the exercise of reasonable diligence, should have knowledge, and shall set forth in summary form the facts supporting each of the grounds thus specified.

(3) Multiple Convictions. A motion shall be limited to the assertion of a claim for relief against one judgment of conviction or, if judgments of conviction were entered on more than one offense at the same time because of a plea agreement or joinder of offenses at trial, against multiple judgments entered at the same time. Judgments entered at different times shall not be challenged in one motion but only by separate motions.

(4) Time of Filing. A motion may not be filed until the judgment of conviction is final.

(5) Place of Filing. A motion shall be filed in the office of the prothonotary in the county in which the judgment of conviction was entered.

(6) Amendment of Motion. A motion may be amended as a matter of course at any time before a response is filed or thereafter by leave of court, which shall be freely given when justice so requires.

#### (c) Duties of Prothonotary.

(1) Noncomplying Motion. If a motion does not substantially comply with the requirements of subdivision (b) of this rule, the prothonotary shall return it to the movant, if a judge of the court so directs, together with a statement of the reason for its return, and shall retain a copy of the motion and of the statement of the reason for its return.

Exhibit (A)

A-44

(2) Entry on Docket. Upon receipt of a motion that appears on its face to comply with subdivision (b) of this rule, the prothonotary shall accept the motion and enter it on the docket in the proceeding in which the judgment under attack was entered. If the motion attacks judgments entered in separate criminal action files, the prothonotary shall place copies of the motion in each file and make the appropriate docket entries.

(3) Assignment of Number. The prothonotary shall assign each motion for postconviction relief a separate criminal action number, which must appear on all filings in the postconviction proceeding.

(4) Service of Motion. The prothonotary shall thereupon deliver or serve a copy of the motion together with a notice of its filing on the attorney general. The filing of the motion shall not require the attorney general to respond to the motion unless ordered by the court.

### (d) Preliminary Consideration.

(1) Reference to Judge. The original motion shall be presented promptly to the judge who accepted a plea of guilty or nolo contendere or presided at trial in the proceedings leading to the judgment under attack. If the appropriate judge is unavailable to consider the motion, it shall be presented to another judge in accordance with the procedure of the court for assignment of its work. The judge shall promptly examine the motion and contents of the files relating to the judgment under attack.

(2) Stay of Proceedings. If any part of the record of prior proceedings in the case has been removed in connection with an appeal or federal habeas corpus proceeding, the judge may stay proceedings in this court until it has been returned.

(3) Preparation of Transcript. The judge may order the preparation of a transcript of any part of the prior proceedings in the case needed to determine whether the movant may be entitled to relief.

(4) Summary Dismissal. If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.

### (e) Appointment of Counsel.

(1) Order of Appointment. The court will appoint counsel for an indigent movant only in the exercise of discretion and for good cause shown, but not otherwise. Unless the judge appoints counsel for a limited purpose, it shall be the duty of counsel to assist the movant in presenting any substantial ground for relief available to the movant. Upon entry of a final order in a postconviction proceeding, counsel's continuing duty shall be as provided in Supreme Court Rule 26.

(2) Motion to Withdraw. If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the movant may file a response to the motion within 30 days of service of the motion upon the movant.

### (f) State's Response.

(1) Order to Respond. If the motion is not summarily dismissed, the judge shall order the attorney general to file a response to the motion or to take such other action as the judge deems appropriate. Unless otherwise ordered, the response shall be filed within 30 days of service of the order to respond upon the state.

(2) Content of Response. The response shall explain the factual and legal basis for the state's position on each ground for relief alleged in the motion in sufficient detail to enable the court to determine whether an evidentiary hearing is desirable or summary disposition of the motion is appropriate. If the motion contains inaccurate or incomplete information about prior proceedings, the response shall supply the correct information.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

$A$-45.

Case 1:08-cv-00153-SLR   Document 3   Filed 03/14/2008   Page 47 of 87

DE R SUPER CT RCRP Rule 61                                                                Page 3
Super. Ct. Crim. R., Rule 61

(3) Movant's Reply. The movant may file a reply to the state's response within 30 days of service of the state's response upon the movant.

**(g) Expansion of Record.**

(1) Direction for Expansion. The judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the motion.

(2) Materials to Be Added. The expanded record may include, without limitation, letters predating the filing of the motion, documents, exhibits, and contents of the file of an appeal or federal habeas corpus proceeding. If the motion alleges ineffective assistance of counsel, the judge may direct the lawyer who represented the movant to respond to the allegations. Affidavits may be submitted and considered as a part of the record.

(3) Submission to Opponent. In any case in which an expanded record is directed, copies of the letters, documents, exhibits, and affidavits proposed to be included shall be submitted to the opposing party, who shall be afforded an opportunity to admit or deny their correctness.

(4) Authentication. The judge may require the authentication of any material filed under this subdivision.

**(h) Evidentiary Hearing.**

(1) Determination by Court. After considering the motion for postconviction relief, the state's response, the movant's reply, if any, the record of prior proceedings in the case, and any added materials, the judge shall determine whether an evidentiary hearing is desirable.

(2) Time for Hearing. If an evidentiary hearing is ordered, it shall be conducted as promptly as practicable, having regard for the need of both parties for adequate time for investigation and preparation.

(3) Summary Disposition. If it appears that an evidentiary hearing is not desirable, the judge shall make such disposition of the motion as justice dictates.

**(i) Bars to Relief.**

(1) Time Limitation. A motion for postconviction relief may not be filed more than three years after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

(2) Repetitive Motion. Any ground for relief that was not asserted in a prior postconviction proceeding, as required by subdivision (b)(2) of this rule, is thereafter barred, unless consideration of the claim is warranted in the interest of justice.

(3) Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows

(A) Cause for relief from the procedural default and

(B) Prejudice from violation of the movant's rights.

(4) Former Adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

(5) Bars Inapplicable. The bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

A-46.

DE R SUPER CT RCRP Rule 61
Super. Ct. Crim. R., Rule 61

Page 4

claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.

(6) Movant's Response. If ordered to do so, the movant shall explain on the form prescribed by the court why the motion for postconviction relief should not be dismissed or grounds alleged therein should not be barred.

(j) **Reimbursement of Expenses.** If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds. The judge may grant the motion if the movant's claim is so completely lacking in factual support or legal basis as to be insubstantial or the movant has otherwise abused this rule. The judge may require reimbursement of costs and expenses only to the extent reasonable in light of the movant's present and probable future financial resources.

(k) **Time for Appeal.** The time for appeal from an order entered on a motion for relief under this rule is as provided in Supreme Court Rule 6. Nothing in these rules shall be construed as extending the time for appeal from the original judgment of conviction.

(l) **Capital Cases.**

(1) Scope of Subdivision. This subdivision applies when a defendant seeks to set aside a sentence of death. The defendant shall have a right to one postconviction proceeding under this subdivision. The other subdivisions of this rule shall apply except insofar as they are inconsistent with the special provisions of this subdivision.

(2) Waiver of Rights. The defendant may waive the right to a postconviction proceeding or to appeal an adverse ruling. The court shall not accept a waiver without addressing the defendant personally in open court and determining that the defendant understands the legal consequences of the waiver.

(3) Status of Representation. When the time for seeking certiorari to review the Supreme Court's order affirming a sentence of death expires or, if the defendant seeks certiorari, when the United States Supreme Court issues a mandate or order finally disposing of the case, the court shall promptly schedule a session with the defendant and defense counsel to determine the status of representation. Counsel who represented the defendant at trial or on appeal may not represent the defendant in the postconviction proceeding permitted by this subdivision unless the defendant and counsel request continued representation. The court may not grant the request without addressing the defendant personally in open court and determining that the defendant understands that the request for continued representation constitutes a waiver of the right to claim that counsel's representation at trial or on appeal was ineffective. If the defendant requests the appointment of new counsel, the court shall promptly rule on that request.

(4) Schedule of Proceeding. When the status of representation has been determined, the court shall enter an order setting the schedule of the postconviction proceeding within the following time limits. The motion for postconviction relief shall be filed within 60 days of the date of the scheduling order and shall be submitted for decision within 270 days of the date of the scheduling order. The court for compelling cause may grant an enlargement of not more than an additional 60 days for filing or submission or both, provided that a request for enlargement is made before the expiration of the prescribed time period. If enlargement is granted, the court shall state its finding of compelling cause with specificity. The court shall enter a final order within 60 days of the date of submission.

(5) Sanction for Delay. Upon a party's failure to comply with the scheduling order, the court shall immediately issue a rule directing the party to show cause why sanctions should not be imposed for the failure to comply. Unless a defendant shows compelling cause for failing to comply, the court shall enter an order barring the defendant from filing a motion for postconviction relief or dismissing the defendant's motion for postconviction relief with prejudice.

(6) Date of Execution. Following the completion of direct review, the court shall not set a date of execution until the defendant has an opportunity for one postconviction proceeding and review by the Supreme Court. If the defendant waives the right to a postconviction proceeding or to appeal, or the Supreme Court dismisses the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

A-47.

DE R SUPER CT RCRP Rule 61
Super. Ct. Crim. R., Rule 61

Page 5

defendant's appeal or affirms a ruling adverse to the defendant, the court shall promptly set a date of execution no less than 90 days, unless waived, nor more than 120 days from the date that the waiver was accepted or the Supreme Court's mandate issued.

(7) Stay for Further Proceedings. The court shall not entertain an application to stay an execution date set pursuant to paragraph (6) of this subdivision for the purpose of further postconviction proceedings. An application to stay execution for federal certiorari or habeas corpus proceedings shall be made to the appropriate federal court. An application to stay execution for any other purpose shall be made in accordance with Supreme Court Rule 35(e).

(m) **Definition.** A judgment of conviction is final for the purpose of this rule as follows:

(1) If the defendant does not file a direct appeal, 30 days after the Superior Court imposes sentence;

(2) If the defendant files a direct appeal or there is an automatic statutory review of a death penalty, when the Supreme Court issues a mandate or order finally determining the case on direct review; or

(3) If the defendant files a petition for certiorari seeking review of the Supreme Court's mandate or order, when the United States Supreme Court issues a mandate or order finally disposing of the case on direct review.

[Amended effective May 1, 1996.]

Superior Court CriminalRule 61

**DE R SUPER CT RCRP** Rule **61**

END OF DOCUMENT

$A$-48.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

```
                    SUPERIOR COURT CRIMINAL DOCKET          · Page     1
                       ( as of  10/02/2006 )

State of Delaware v.  FRED T CALDWELL                        DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.      AKA: FREDERICK T CALDWELL
Defense Atty:  Esq.                            FREDERICK T CALDWELL


Assigned Judge·

Charges:
Count     DUC#        Crim.Action#   Description        Dispo.     Dispo. Date
-----------------------------------------------------------------------------
 001    9804000339    IK93050018R2   BURGLARY 1ST       GLTY       03/04/1999
        9804000339    VK9805001801   VIOL O/PROBATN     VF         07/29/2002
 002    9804000339    IK98050019     PFDCF              NOLP       03/04/1999
 003    9804000339    IK90050020     PDWBPP             NOLP       03/04/1999
 004    9804000339    IK98050021     POS WEAP NO SER    NOLP       03/04/1999
 005    9804006339    IK98050022     ASLT 2ND           NOLP       03/04/1999
 006    9804000339    IK98050023     RECK END 1ST       NOLP       03/04/1999

     Event
No.  Date         Event                                Judge
-----------------------------------------------------------------------------
 1   05/01/1998                                        FREUD ANDREA MAYBEE
        CASE ACCEPTED IN SUPERIOR COURT.
        ARREST DATE: 04/07/98.
        PRELIMINARY HEARING DATE: 05/01/98
        BAIL:
        RELEASED ON SECURED BAIL            26000.00 100
 3   05/20/1998
        NOTICE OF SERVICE - DISCOVERY RESPONSE.
 2   05/22/1998
        ENTRY OF APPEARANCE BY ANDRE M. BEAUREGARD, ESQ.
 4   06/01/1998
        INDICTMENT, TRUE BILL FILED.
 5   06/11/1998                                        FREUD ANDREA MAYBEE
        ARRAIGNMENT CALENDAR - DEFENDANT WAIVED READING; ENTERED PLEA OF NOT
        GUILTY; JURY TRIAL DEMANDED.
 6   06/23/1998                                        TERRY N. MAXSON, JR.
        CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 7/14/98.
 7   07/14/1998                                        RIDGELY HENRY DUPONT
        CASE REVIEW CALENDAR FINAL CASE REVIEW CONTINUED 7/27/98.
        COURT'S REQUEST-DEFENDANT NOT TRANSPORTED.
 8   07/27/1998                                        RIDGELY HENRY DUPONT
        CASE REVIEW CALENDAR FINAL CASE REVIEW CONTINUED TO 08/24/98.
        DEFENDANT'S REQUEST-OTHER CHARGES.
 9   08/24/1998                                        RIDGELY HENRY DUPONT
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 11/18/98; FCR: 11-12-98.
10   10/15/1998                                        BABIARZ JOHN E. JR.
        CONTROL -CONTINUED, DEFENDANT'S REQUEST.  NEW ATTORNEY.
```



Exhibit (B.)   (A-49.)

State of Delaware v.   FRED T CALDWELL                              DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.        AKA: FREDERICK T CALDWELL
Defense Atty:   Esq.                             FREDERICK T CALDWELL

```
      Event
No.   Date          Event                                Judge
-------------------------------------------------------------------------------
      CONTINUED UNTIL 11/5/98.
11    10/20/1998
      SUBPOENA(S) ISSUED.
12    10/30/1998
      LETTER FILED
      TO ANDRE BEAUREGARD, ESQ.; DAVID JONES, ESQ.; AND JOHN WILLARD, ESQ.;
13    11/12/1998                                       RIDGELY HENRY DUPONT
      FINAL CASE REVIEW - DEFENDANT REJECTED FINAL PLEA OFFER.  SET FOR
      TRIAL 11/18/98.
14    11/18/1998                                       COOCH RICHARD R.
      TRIAL CALENDAR- TRIAL CONTINUED 3/3/99, FCR 2/25/99. DEFENSE REQUEST.
      ATTORNEY UNPREPARED FOR TRIAL
15    02/05/1999
      MOTION TO WITHDRAW AS COUNSEL FILED. (A. BEAUREGARD)
16    02/10/1999
      SUBPOENA(S) ISSUED.
17    02/12/1999                                       VAUGHN JAMES T. JR.
      ORDER: APPOINTMENT OF COUNSEL; CHARLES E. WHITEHURST, ESQ. APPOINTED
      TO REPRESENT DEFENDANT.
18    02/12/1999                                       VAUGHN JAMES T. JR.
      MOTION TO WITHDRAW AS COUNSEL GRANTED.
19    02/24/1999                                       RIDGELY HENRY DUPONT
      CASE REVIEW CALENDAR: SET FOR FINAL CASE REVIEW 2/25/99, TRIAL 3/3/99
20    02/25/1999                                       VAUGHN JAMES T. JR.
      FINAL CASE REVIEW - DEFENDANT REJECTED FINAL PLEA OFFER.  SET FOR
      TRIAL 03/03/99.
21    03/01/1999
      SUBPOENA(S) ISSUED.
22    03/03/1999                                       RIDGELY HENRY DUPONT
      TRIAL CALENDAR-CONTINUED. DEFENSE REQUEST. CON'T 3/4/99.
      AWAITING LAB RESULTS.
23    03/04/1999                                       WITHAM WILLIAM L. JR.
      JURY TRIAL CALENDAR:  PLED GUILTY-SENTENCED ON 0018; REMAINING
      CHARGES WERE NOL-PROSSED.
24    03/04/1999                                       WITHAM WILLIAM L. JR.
      SENTENCE: ORDER
25    03/08/1999                                       WITHAM WILLIAM L. JR.
      NOLLE PROSEQUI FILED BY ATTORNEY GENERAL, STEPHEN WELCH.
      IK98-05 0019 THRU 0023 WERE NOLLE PROSSED.
26    04/30/1999                                       WITHAM WILLIAM L. JR.
      MODIFICATION OF SENTENCE.  AS TO IK98-05-0018, THE SENTENCE IMPOSED ON
      MARCH 4, 1999, IS MODIFIED AS FOLLOWS:
```

A-50.

State of Delaware v.  FRED T CALDWELL                          DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.        AKA: FREDERICK T CALDWELL
Defense Atty: . Esq.                             FREDERICK T CALDWELL

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| | | THE DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $40.00 FERNANDEZ JONES AND $300.90 TO BAYHEALTH MEDICAL CENTER, ATTN: PATIENT ACCOUNTS. ALL PREVIOUS ASSESSMENTS REMAIN THE SAME.  TOTAL FINANCIAL ORDER IS NOW $1,020.90.  ALL OTHER ASPECTS OF THE ORIGINAL SENTENCING ORDER REMAIN IN EFFECT.  IT IS SO ORDERED. /S/ASSOCIATE JUDGE WILLIAM L. WITHAM JR. | |
| 27 | 06/24/2002 | CAPIAS ISSUED FOR VIOLATION OF PROBATION - $1000.00 CASH | RIDGELY HENRY DUPONT |
| 28 | 06/26/2002 | CAPIAS RETURNED IN SUPERIOR COURT. BAIL SET AT: CASH BAIL                          15,000.00 100% VOP HRG.: 7/8/02 AT 9:00 A.M. | FREUD ANDREA MAYBEE |
| 29 | 06/28/2002 | SUBPOENA(S) MAILED TO PROBATION OFFICER FOR APPEARANCE FOR VIOLATION OF PROBATION HEARING ON 7/8/02 AT 8:30 AM (JW) DEFENDANT INCARCERATED | |
| 30 | 07/08/2002 | VOP SENTENCING CALENDAR, CONTINUED PENDING NEW CHARGES. BAIL SET AT $10,000 CASH | WITHAM WILLIAM L. JR. |
| 31 | 07/11/2002 | BAIL POSTED IN THE AMOUNT OF $10,000.00 CASH. | |
| 32 | 07/29/2002 | ADMINISTRATIVE WARRANT FILED - LEVEL (3). PROBATION OFFICER:TODD SCHAEFER OSSVOP 072902 | |
| 33 | 07/29/2002 | OPERATION SAFE STREETS HEARING:  DEFENDANT FOUND IN VIOLATION. SENTENCED. | VAUGHN JAMES T. JR. |
| 34 | 09/12/2002 | LETTER FROM PARALEGAL TO FRED T. CALDWELL. | |
| 35 | 09/12/2002 | MOTION FOR REDUCTION OF SENTENCE FILED (S. DEAN). | |
| 36 | 09/23/2002 | MOTION FOR REDUCTION OF SENTENCE DENIED. | VAUGHN JAMES T. JR. |
| 37 | 11/22/2004 | MOTION FOR REDUCTION/MODIFICATION FILED (PRO SE). | |
| 38 | 12/10/2004 | PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE) REFERRED TO JUDGE WITHAM DATE REFERRED: 12/13/2004 CIVIL CASE NO:04M-12-004 | WITHAM WILLIAM L. JR. |
| 39 | 12/15/2004 | | WITHAM WILLIAM L. JR. |

A-51.

SUPERIOR COURT CRIMINAL DOCKET                    Page      4
( as of   10/02/2006 )

State of Delaware v.   FRED T CALDWELL                           DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.        AKA: FREDERICK T CALDWELL
Defense Atty: _ Esq.                             FREDERICK T CALDWELL

       Event
No.    Date          Event                              Judge
-----------------------------------------------------------------------------
       ORDER: WRIT OF HABEAS CORPUS IS SUMMARILY DENIED.
40     01/20/2005
       MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE).
44     02/14/2005
       DEFENDANT'S LETTER FILED.
       RE: PENDING MOTIONS.
41     03/01/2005                              VAUGHN JAMES T. JR.
       ORDER OF REFERENCE
       THIS 25TH DAY OF FEBRUARY, 2005, IT IS SO ORDERED THAT DEFENDANT'S
       MOTION FOR POSTCONVICTION RELIEF IS REFERRED TO COMMISSIONER ANDREA
       MAYBEE FREUD FOR PROPOSED FINDINGS AND RECOMMENDATIONS PURSUANT TO
       10 DEL. C. SECTION 512(B) AND CRIMINAL RULE 62.
42     03/01/2005                              FREUD ANDREA MAYBEE
       ORDER OF BRIEFING
      · THIS 28TH DAY OF FEBRUARY, 2005, IT IS SO ORDERED THAT:
       1) SANDRA DEAN, ESQUIRE, SHALL FILE AN AFFIDAVIT BY APRIL 6, 2005.
       2) DEPARTMENT OF JUSTICE SHALL FILE A LEGAL MEMORANDUM BY MAY 6, 2005.
       3) ANY REPLY BY THE MOVANT SHALL BE FILED BY JUNE 6, 2005.
43     03/02/2005
       LETTER FROM PARALEGAL OFFICE TO COUNSEL
       RE: NOTICE THAT THE DEFENDANT HAS FILED A MOTION FOR POSTCONVICTION
       RELIEF, PRO SE.
45     03/11/2005
       AFFIDAVIT OF SANDRA DEAN, ESQUIRE, IN ANSWER TO MOTION FOR POSTCONVIC-
       TION RELIEF FILED.
46     03/14/2005
       TRANSCRIPT OF OSS VOP FILED. (V. CLINE)
47     03/17/2005
       STATE'S RESPONSE TO MOTION FOR POSTCONVICTION RELIEF FILED (J. COHEE).
48     05/05/2005
       DEFENDANT'S REPLY BRIEF FILED TO AFFIDAVIT AND STATE'S RESPONSE TO
       MOTION FOR POSTCONVICTION RELIEF (PRO SE).
49     06/03/2005
       MEMORANDUM FILED FROM PARALEGAL OFFICE TO COMMISSIONER FREUD
       RE: MTN FOR APPEARS READY FOR YOUR HONOR'S REPORT AND RECOMMENDATION.
50     08/03/2005
       COPY OF PLEA AGREEMENT REQUESTED AND PICKED UP IN PROTHONOTARY'S
       OFFICE BY JULIET CALDWELL.
51     08/08/2005                              FREUD ANDREA MAYBEE
       COMMISSIONER'S REPORT AND RECOMMENDATIONS FILED UPON DEFENDANT'S
       MOTION FOR POSTCONVICTION RELIEF. RECOMMENDATION THE COURT DENY
       CALDWELL'S MOTION AS PROCEDURALLY BARRED BY RULE 61(I).

$A$-52.

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    5
                        ( as of  10/02/2006 )
```

State of Delaware v.   FRED T CALDWELL                         DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.         AKA: FREDERICK T CALDWELL
Defense Atty:   Esq.                              FREDERICK T CALDWELL

```
       Event
No.    Date         Event                              Judge
-------------------------------------------------------------------------------
52    08/25/2005
           APPEAL FILED FROM COMMISSIONER'S REPORT AND RECOMMENDATION (PRO SE).
53    08/25/2005
           LETTER FROM PARALEGAL OFFICE TO JASON COHEE, ESQUIRE
           RE: STATE HAS 10 DAYS TO RESPOND TO DEFENDANT'S APPEAL COMRAR.
54    08/26/2005
           LETTER FROM JASON COHEE, ESQUIRE, TO JUDGE VAUGHN
           RE: THE STATE SIMPLY ASKS THE COURT ADOPT THE WELL-REASONED ORDER
           ENTERED BY COMMISSIONER FREUD.
55    12/27/2005
           MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE).
           NOTE: THIS MTNPCR IS REGARDING THE ORIGINAL SENTENCE IMPOSED BY
           JUDGE WITHAM ON 3/4/1999.
61    12/27/2005
           MEMORANDUM OF LAW IN SUPPORT OF THE RULE 61 MOTION FOR POSTCONVICTION
           RELIEF FILED (PRO SE).
56    12/30/2005                                       VAUGHN JAMES T. JR.
           ORDER UPON CONSIDERATION OF DEFENDANT'S MOTION FOR POSTCONVICTION
           RELIEF PURSUANT TO CRIMINAL RULE 61: NOW, THEREFORE, IT IS ORDERED
           THAT: A) HAVING CONDUCTED A DE NOVO REVIEW OF THE PROCEEDINGS I ADOPT
           THE WELL-REASONED COMMISSIONER'S REPORT AND RECOMMENDATION; B) THE
           DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF IS DENIED.
57    02/02/2005
           MEMORANDUM FILED FROM PARALEGAL OFFICE TO JUDGE WITHAM 1/27/2006
           RE: DEFENDANT HAS FILED MOTION FOR POSTCONVICTION RELIEF REGARDING
           THE ORIGINAL SENTENCE IMPOSED BY YOUR HONOR ON 3/4/1999. PER JUDGE
           WITHAM 2/2/2006: MATTER IS REFERRED TO COMMISSIONER FOR CONSIDERATION.
58    02/07/2006                                       WITHAM WILLIAM L. JR.
           ORDER OF REFERENCE
           THIS 3RD DAY OF FEBRUARY, 2006, DEFENDANT'S MOTION FOR POSTCONVICTION
           RELIEF IS REFERRED TO COMMISSIONER ANDREA MAYBEE FREUD FOR PROPOSED
           FINDINGS AND RECOMMENDATIONS PURSUANT TO 10 DEL.C. SECTION 512(B) AND
           CRIMINAL RULE 62.
59    02/07/2006                                       FREUD ANDREA MAYBEE
           ORDER OF BRIEIFNG
           THIS 7TH DAY OF FEBRUARY, 2006 IT IS ORDERED THAT:
           1) CHARLES WHITEHRUST, ESQUIRE, SHALL FILE AN AFFIDAVIT BY MARCH 10,
           2006.
           2) DEPARTMENT OF JUSTICE SHALL FILE A LEGAL MEMORANDUM BY APRIL 10,
           2006.
           3) ANY REPLY BY MOVANT MUST BE FILED BY MAY 10, 2006.
60    02/07/2006
```

$A$-53.

SUPERIOR COURT CRIMINAL DOCKET          Page    6
( as of  10/02/2006 )

State of Delaware v.  FRED T CALDWELL                    DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.      AKA: FREDERICK T CALDWELL
Defense Atty: , Esq.                           FREDERICK T CALDWELL

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| | | LETTER FROM PARALEGAL OFFICE TO COUNSEL RE: NOTICE THAT THE DEFENDANT HAS FILED A MOTION FOR POSTCONVICTION RELIEF, PRO SE. | |
| 62 | 04/10/2006 | TRANSCRIPT FILED OF TRANSCRIPT OF GUILTY PLEA IN SUPERIOR COURT BEFORE HON. RIDGELY AND HON. WITHAM ON MAY 23, 1996. | |
| 63 | 04/17/2006 | DEFENDANT'S RESPONSE TO THE COMMISSIONER'S ORDER OF BRIEFING FILED (PRO SE). | |
| 64 | 05/04/2006 | LETTER FROM CHARLES WHITHEURST, ESQUIRE, TO COMMISSIONER FREUD RE: ENCLOSED IS AFFIDAVIT. ADDITIONAL NOTE FROM PARALEGAL: WILL YOUR HONOR THIS OUT-OF-TIME PLEADING, WHICH WAS DUE BY 3/31/06? PER COMMISSIONER FREUD 5/8/06: PLEASE DRAFT A REVISED BRIEFING ORDER. | |
| 65 | 05/04/2006 | AFFIDAVIT OF CHARLES E. WHITEHURST, ESQUIRE, FILED. | |
| 66 | 05/10/2006 | AMENDED ORDER OF BRIEFING THIS 10TH DAY OF MAY, 2006, IT IS ORDERED THAT: 1) DEPARTMENT OF JUSTICE SHALL FILE LEGAL MEMORANDUM BY JUNE 12, 2006. 2) ANY REPLY BY MOVANT SHALL BE FILED BY JULY 12, 2006. | FREUD ANDREA MAYBEE |
| 67 | 05/19/2006 | STATE'S ANSWER TO DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF FILED (JASON COHEE, ESQUIRE). | |
| 68 | 06/14/2006 | DEFENDANT'S LETTER TO COMMISSIONER FREUD FILED. RE: HAVE NOT RECEIVED A COPY OF MR. WHITEHURSTS' AFFIDAVIT. | |
| 69 | 08/10/2006 | COPY OF DOCKET REQUESTED AND SENT. | |
| 70 | 08/10/2006 | DEFENDANT'S LETTER TO COMMISSIONER FREUD FILED RE: PENDING RULE 61 MOTION. | |
| 71 | 09/21/2006 | DEFENDANT'S REQUEST FOR COURT DOCKET, COPY OF STATE'S LEGAL MEMORANDUM AND EXTENSION OF TIME TO RESPOND TO SAME. | |
| 72 | 09/25/2006 | DEFENDANT'S REPLY BRIEF TO THE AFFIDAVIT FILED (PRO SE). | |
| 73 | 09/27/2006 | LETTER/ORDER ISSUED BY COMMISSIONER FREUD RE: COURT HAS ENCLOSED A COURTESY COPY OF STATE'S RESPONSE AND DEEMS IT APPROPRIATE TO GRANT AN EXTENSION OF TIME TO RESPOND. THE DEFENDANT | FREUD ANDREA MAYBEE |

A-54.

```
                      SUPERIOR COURT CRIMINAL DOCKET              Page     7
                         ( as of  10/02/2006 )

State of Delaware v.  FRED T CALDWELL                        DOB: 09/09/1976
State's Atty: STEPHEN R WELCH , Esq.       AKA: FREDERICK T CALDWELL
Defense Atty: , Esq.                            FREDERICK T CALDWELL

     Event
No.  Date          Event                              Judge
-------------------------------------------------------------------------------
     SHALL FILE A FINAL REPLY BRIEF WITH THE PROTHONTARY BY WEDNESDAY,
     OCTOBER 31, 2006.
74   10/02/2006
     COPY OF DOCKET REQUESTED AND SENT.

          *** END OF DOCKET LISTING AS OF  10/02/2006 ***
          PRINTED BY: CSCPQUA
```

$A$-55.

# Offender Status Sheet

Date: 10/25/2002

**SBI #:** 00213476     **Name:** FRED T CALDWELL

**Location(s):** DCC     **Level(s):** 5     **Race:** BLACK     **DOB:** 09/09/1976

**AKA:** FRED T CALDWELL

**Offender Type:** Sentenced     **Officer(s):**

### Level: 5

**Start Date:** 07/24/2002    **MED:** 07/22/2006    **STRD:** 03/12/2006    **ADJ:** 03/12/2006    **PED:**    **Statutory Days Earned:** 132.00

| CASE# Court | CRA# Judge | Charge Desc Sen. Type/Sentence Date | Status/ Eff. Date | Length Y | M | D | Start Dt | MED | STRD | Adj Date | CR | WK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9804006339 | VK9805001801 | VIOL O/PROBATN | Current | 2 | 0 | 0 | 07/24/2002 | 07/23/2004 | 05/24/2004 | 05/24/2004 | | |
| U8 | Henry J Ridgely | STANDARD 07/29/2002 07/24/2002 | | | | | | | | | | |
| 9807006121 | VK9807054102 | VIOL O/PROBATN | Current | 2 | 0 | 0 | 07/23/2004 | 07/22/2006 | 03/12/2006 | 03/12/2006 | | |
| U8 | Henry J Ridgely | STANDARD 07/29/2002 07/24/2002 | | | | | | | | | | |

**Special Conditions:**

| CRA# | Level | Code | Condition Description | Condition Comments |
|---|---|---|---|---|
| VK9805001801 | 5 | CRT1 | Other Conditions: | As to VK98-05-0018 (Original charge = Burglary 1st); Sentenced to 2 years level 5. Suspended upon successful completion of Key program for 6 months level 4 Work Release. |
| VK9807054102 | 5 | CRT1 | Other Conditions: | As to VK98-07-0541 (Original charge = Att. Felony C.); Sentenced to 35 months level 5, suspended after serving 2 years for 1 year level 4 Work Release. Followed by 5 months level 3. |



A-56.

Exhibit, (C.)

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY**

STATE OF DELAWARE )
)
        v. )
)
**FRED T. CALDWELL** )
   ID Nos. 9807006121 (97) )
     and 9804006339 (98) )

**Cr. A. No. VK98-05-0018-01 R1**
Burglary 1st (F)
**Cr. A. No. VK98-07-0541-02 R1**
Att Felony (F)

**VIOLATION OF PROBATION**

## ORDER OF REFERENCE

This _25th_ day of February, 2005,

**IT IS SO ORDERED** that the defendant Fred T. Caldwell's motion for postconviction relief pursuant to Superior Court Criminal Rule 61 is referred to Superior Court Commissioner Andrea Maybee Freud for proposed findings and recommendations pursuant to 10 <u>Del. C.</u> §512 (b) and Superior Court Criminal Rule 62.

Honorable James T. Vaughn, Jr.

oc: Prothonotary
cc: Honorable James T. Vaughn, Jr.
    Stephen R. Welch, Esquire
    Sandra W. Dean, Esquire
    Fred T. Caldwell, DCC
    File

FILED SUPERIOR COURT
PARALEGAL KENT CO.
2005 MAR -1 PM 3: 14

A-57.

Exhibit (D.)



## Certificate of Service

I, _Fred T. Caldwell_, hereby certify that I have served a true and correct cop(ies) of the attached: _Reply to the States Legal memorandum, in case, cr. Id.# 9804006339_ upon the following parties/person (s):

TO: _Prothonotary's Office_  TO: _____

_Kent County Superior Court._  _____

_Kent County Courthouse_  _____

_38 The Green_  _____

_Dover, DE 19901._  _____

TO: _____   TO: _____

_____   _____

_____   _____

_____   _____

_____   _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _30th_ day of _October_ , 2006

_Fred T. Caldwell_

(A-58.)

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

STATE OF DELAWARE            )
                             )
v.                           )
                             )        K98-05-0018-01-R2
FRED T. CALDWELL             )
                             )
            Defendant.       )
            ID. No. 9804006339  )

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Jason C. Cohee, Esq., Deputy Attorney General, Department of Justice, Dover, Delaware, for the State of Delaware.

Fred T. Caldwell, *pro se*.

FREUD, Commissioner
April 5, 2007

        The Defendant, Fred T. Caldwell, ("Caldwell"), pled guilty on March 4, 1999 to one count of Burglary in the First Degree pursuant to Superior Court Criminal Rule 11(e)(1)(c). Caldwell was also facing one count of Possession of a Deadly Weapon During the Commission of a Felony, one count of Possession of a

$$\left( A\text{-}59. \right)$$

*State v. Caldwell*
ID No. 9804006339
April 5, 2007

Deadly Weapon by a Person Prohibited, one count of Possession of a Weapon With a Removed or Obliterated or Altered serial number, one count of Assault in the Second Degree and one count of Reckless Endangering in the First Degree.[1]

In exchange for Caldwell's plea the State entered a *nolle prosequi* on the additional charges and agreed to recommend a sentence of three years of incarceration, suspended after serving nine months at Level V for two years of probation. Caldwell was facing substantial incarceration had he gone to trial and been found guilty of all three counts. The Court agreed with the Rule 11(e)(1)(c) recommendation in the Plea Agreement and Caldwell was sentenced as set forth above. In July 2002, Caldwell was found in violation of his probation and re-sentenced to two years incarceration, suspended after completion of the Key program for six months at Level IV work release followed by three months Level III.[2]

Caldwell did not appeal his conviction or sentence to the Delaware Supreme Court; instead he chose to file the pending Rule 61 motion more than six years after his guilty plea and more than three years after his violation of probation sente

_____

[1] IK98-05-0018.

[2] There were no subsequent violations of probation in this case, therefore one that Caldwell has served his sentence in total and this is no longer "subject to full under" this sentence. Consequently he would no longer be within the scope of Superic Criminal Rule 61(a)(1). Due to the nature of Caldwell's claim, I will nevertheless revit motion despite his completion of his sentence.

*State v. Caldwell*
ID No. 9804006339
April 5, 2007

In his motion, he raises two grounds for relief which are essentially the same claim, i.e., that he was promised by the Prosecutor and his counsel that in exchange for his guilty plea, the State would promise to never use this Burglary conviction for the purposes of establishing that he was a Habitual Offender in the future.[3]

Under Delaware law, the Court must first determine whether Caldwell has met the strict procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of his postconviction relief claims.[4] The pending motion was filed more than six years after his conviction became final and more than three years after his violation of probation conviction. Thus, pursuant to Rule 61(i)(1), Caldwell's motion is time-barred unless he "successfully asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final.[5] Caldwell has not alleged any such right and as such, his motion is time barred.

In addition to being untimely, Caldwell's motion is repetitive and thus procedurally barred pursuant to Superior Court Criminal Rule 61(i)(2). This Court previously denied a Motion for Postconviction Relief in this case on December 30,

---

[3] In September 2003 Caldwell was found guilty of Trafficking in Cocaine, Delivery of Cocaine and Conspiracy in the Second Degree following a jury trial. He was subsequently determined to be a Habitual Offender with one of the prerequisite felonies being the instant offense.

[4] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[5] *Cobb v. State*, 1996 Del. LEXIS 2 at *6; *State v. Mills*, 1996 Del. LEXIS 208 at *5, Super. Ct. Crim. R. 61(i)(1).

3


A-61.

*State v. Caldwell*
ID No. 9804006339
April 5, 2007

2005.[6] In his 2005 motion, Caldwell alleged several grounds for relief concerning his 2002 violation of probation sentence. Pursuant to Rule 61(i)(2), Caldwell was required to include in his prior motion all grounds which were available to him and which he was aware of or should have been aware of when he filed the motion. In order for Caldwell to legitimately raise issues for the first time in the pending motion, he must show that consideration of the new claim(s) is warranted in the "interest of justice."[7] Although Caldwell is not clear, it appears that his argument is that he only became aware of the alleged breach of his plea agreement when the State used his conviction on this Burglary charge to declare him a Habitual Offender in 2003 and thus he could not have raised this claim prior to such date. Although as will be discussed below, I find Caldwell's assertions meritless, I will for the sake of argument assume he has met his burden to overcome the procedural bars of Rule61(i)(1) and (2).

Nevertheless, Caldwell must still overcome the procedural bar of Superior Court Criminal Rule 61(i)(3) since neither of his claims were "asserted in the proceedings leading to the judgment of conviction" absent a showing of cause for the failure and prejudice results from the failure.[8] (cause) is states impediment. (prejudice) is through due-process violation and erroneous use to pursue habitual status.

---

[6] *Caldwell v. State*, Del. Super., ID No. 9804006339, Vaughn, P.J. (Dec. 30, 2005) (Order).

[7] Super. Ct. Crim. R. 61(i)(2).

[8] Super. Ct. Crim. R. 61(i)(3).

4

A-62.

*State v. Caldwell*
ID No. 9804006339
April 5, 2007

Rule 61(i)(3) does not bar relief at this point as to Caldwell's grounds for relief should he demonstrate that his counsel was ineffective and that he was prejudiced by counsel's actions. To prevail on his claims of ineffective assistance of counsel, Caldwell must meet the two prong test of *Strickland v. Washington.*[9] In the context of a guilty plea challenge, *Strickland* requires a defendant show: 1) that counsel's representation fell below an objective standard of reasonableness; and that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[10] The failure to establish that a defendant would not have plead guilty and would have proceeded to trial is sufficient cause for denial of relief.[11] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[12] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong

---

[9] 466 U.S. 668 (1984); *Larson v. State*, 1995 Del. LEXIS 238; *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992); *Albury v. State*, 551 A.2d 53 (Del. 1988).

[10] *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985); *Strickland*, 466 U.S. at 688, 694; *accord Larson*, 1995 Del. LEXIS 238; *Blanchfield v. State*, 1994 Del. LEXIS 314; *Skinner*, 607 A.2d at 1172 (Del. 1994); *Albury*, 551 A.2d at 58.

[11] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[12] *Younger*, 580 A.2d at 556; *Skinner v. State*, 1994 Del. LEXIS 84.

5

A-63.

*State v. Caldwell*
ID No. 9804006339
April 5, 2007

presumption that counsel's conduct was professionally reasonable.[13] This standard is highly demanding.[14]   *Strickland* mandates that when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[15]

Following a complete review of the record in this matter, it is abundantly clear that Caldwell has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find counsel's affidavit, in which he clearly states that Caldwell was not promised by him or the State that this conviction would not in the future be used to qualify him as a Habitual Offender, in conjunction with the record, more credible than Caldwell's self-serving contentions that his counsel's representation was ineffective. As Counsel insightfully notes "There was no discussion as to whether this prohibition regarding that conviction in 1999 would extend to cases in the future. If that had been the case, counsel would have had the agreement placed in writing. Counsel could not anticipate a felony conviction in 2003."[16]   Clearly Caldwell's assertion is meritless. Caldwell was facing trial on serious charges and risked being sentenced to a substantial period of time in prison.

---

[13] *Albury*, 551 A.2d at 59 (*citing Strickland*, 466 U.S. at 689); *see also Larson*, 1995 Del. LEXIS 238; *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

[14] *Flamer*, 585 A.2d at 754.

[15] *Strickland*, 466 U.S. at 689.

[16] Affidavit of Charles E. Whitehurst, Jr. (emphasis added by the Court).

A-64.

*State v. Caldwell*
ID No. 9804006339
April 5, 2007

Caldwell's counsel was able to negotiate a plea bargain with the State which resulted in only nine months of incarceration. Caldwell and his attorney discussed the case prior to the entry of the plea. The plea bargain was clearly advantageous to Caldwell. As counsel noted in his affidavit, as a part of the plea negotiations, the State agreed not to move to find Caldwell a Habitual Offender in 1999 when he pled to Burglary, not as to any future convictions Caldwell might obtain. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Caldwell entered his guilty plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[17] Consequently, Caldwell has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

To the extent that Caldwell alleges his plea was involuntary, the record clearly contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to the plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[18] At the guilty-plea hearing, the Court asked Caldwell whether he understood the nature of the charges, the consequences of his pleading guilty, and

---

[17]    *Blanchfield*, 1994 Del. LEXIS 314; *Mapps v. State*, 1994 Del. LEXIS 94 (*citing Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[18]    *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

7

A-65.

*State v. Caldwell*
ID No. 9804006339
April 5, 2007

whether he was voluntarily pleading guilty. The Court asked Caldwell if he understood he would waive his constitutional rights if he pled guilty, if he understood each of the constitutional rights listed on the guilty-plea form, and whether he gave truthful answers to all the questions on the form. The Court asked Caldwell if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Caldwell if he was giving the plea of his own free will because he was in fact guilty. The Court also asked Caldwell if he was satisfied with his counsel's representation. Finally, the Court asked Caldwell if he was in fact guilty of the charge. Caldwell answered each of these questions clearly and affirmatively. In fact, when given the opportunity to address the Court, Caldwell replied "I would just wish that you humbly accept this plea, Your Honor."[19]

Furthermore, prior to entering his guilty plea, Caldwell signed a Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form") and Plea Agreement in his own handwriting. Caldwell's signatures on the forms indicated that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the plea agreement. Caldwell is bound by the statements he made on the signed Guilty Plea Form unless he proves otherwise by clear and convincing evidence.[20] I confidently find that

---

[19] *State v. Caldwell*, Del. Super., ID No. 0501018722, (Mar. 3, 2005), Tr. 4-14.

[20] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Hickman v. State*, 1994 Del. LEXIS 320; *Smith v. State*, 571 A.2d 788 (Del. 1990); *see also Sullivan*, 636 A.2d at 938 (ruling the fact that defendant filled out Truth-In-Sentencing Guilty Plea Form in defendant's own

8

A-66.

*State v. Caldwell*
ID No. 9804006339
April 5, 2007

Caldwell entered his guilty plea knowingly and voluntarily and that Caldwell's grounds for relief are completely meritless. Additionally I find that Caldwell was never promised that his 1999 Burglary conviction would not in the future be used to qualify him as a Habitual Offender.

 I find that Caldwell's counsel represented him in a competent and effective manner. I also find that Caldwell's guilty plea was entered knowingly and voluntarily. Consequently, I recommend that the Court *deny* Caldwell's motion for postconviction relief as procedurally-barred.


           Commissioner Andrea M. Freud


AMF/ds
oc: Prothonotary
cc: Hon. William L. Witham, Jr.
   Charles E. Whitehurst, Esq.
   File


handwriting supported the Superior Court's conclusion that defendant's decision to plead guilty was knowing and voluntary).

9

A-67.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

Fred T. Caldwell

Defendant,

   v.

State of Delaware.

Cr.A. no.# Ik 98-05-0018 thru 0023.

Cr. Id. no.# 9804006339.

"Appeal From commissioners findings of fact & Recommendations.
Pursuant to, Super. Ct. Crim. R. 62.(a)(5.)#(ii)."

Pursuant to Super. Ct. Crim. R. 62.(a)(5.)#(iv.), defendant request
that this court would <u>correct the error</u>, within the findings
of fact and recommendations, and grant the required relief.
U.S.C.A. 6# and 14# → Due process requires that any ambiguities
in plea "promise/agreement", are to be resolved against the
state: That is <u>indeed law, federal law</u> that the commissioners
report/findings clearly ignore, the promise was made and
breeched and relief must be granted. See, memorandum of law
Super. Ct. Crim. R. 61.(i)(5.)# indeed will apply, thus bars of 61.(i) 1.2 & 3.#)
                                            <u>don't apply</u>
(1.) The prosecutor that made the specific promise, as part
of the agreement, that was breached, never responded.
Steve R. Welch, vs. Jason C. Cohee.

(2.) The V.O.P. sentence all together did indeed include another
subsequent V.O.P., which was together with the V.O.P.
in this case. See, <u>reply exhibit</u>, ("C."). Defendant contends
that even if the sentence has been served, the state
doesn't have the <u>right</u> to breach the <u>plea promise</u>, <u>ever</u>
especially when, in this extraordinary case when

A-62

( Please see, Commissioners report page $3^{\#} \underset{=}{at\,3}$ ).

the breeched plea promise will still harm the defendant
even after the sentence has been served. Therefore
defendant is not barred pursuant to Super.Ct.Crim.R. 61(a.)(1.$^{\#}$
Furthermore, Pursuant to Super.Ct.Crim.R. 61(a.)(1.$^{\#}$) $\leftrightarrow$ the breeched
promise is the cause of future custody, even after the sentence is
served by the use of this sentence, pursuant to 11.Del.C.sec.4214(b).,
which is indeed A sufficient factual and legal basis for a
collateral attack upon this criminal conviction. Also pursuant
to, Super.Ct.Crim.R. 32(d.) "At any later time", a plea may be
set aside only by motion under rule 61.
Defendant contends that he indeed falls within the scope
of R.61.(a.)(1.$^{\#}$) based on the above cited facts, and, circumstances
of this case, thus relief is indeed required. Furthermore, at
the time of the breeched promise, (Date,12-10-03.) the defendant was still
in custody based on conviction under attack in this motion,
and the rule 61, gives a defendant at that time "3 years" to
file a rule 61. motion, thus it's not barred under R.61.(a.)(1.$^{\#}$),
and must be heard.

③.$^{\#}$ In objection to the commissioners report/recommendations,
which erroneously finds that defendants motion is time barred
pursuant to, Super.Ct.Crim.R. 61(i)(1.$^{\#}$), defendant asserts the
following facts:    The plea promise/agreement was breached
on the date of "12-10-03", it would be clearly absurd to
file a rule 61 motion, based on the breached promise, prior
to that date. This rule 61 motion, which challenged the
breached plea promise was filed on "12-27-05", At that time
Super.Ct.Crim.R. 61(i)(1.$^{\#}$) gives defendants 3$^{\#}$ years to file a rule
61. motion, Therefore from the "12-10-03", breached promise

A-69.

untill the "12-27-05" filing date, is clear and convincing evidence of a timely filed rule 61 motion. Clearly this motion is "not" time barred under Rule 61 (i)(1). as alleged in error by the commissioners report. Furthermore, because of the time of the plea promise breach, it must be heard pursuant to Rule 61(i) (5.)

(4.) In objection:-

To the erroneous findings within the commissioners report, which state defendants motion is barred based on being a repetitive motion, Defendant contends that, at the time of the V.O.P sentence, which included another case, the plea promise had not yet been breached, see, reply exhibit (C.). Also, because the V.O.P "warrant/sentence", was indeed a separate judgment of conviction, it should have not been added to this ground now under attack, "pursuant to, Super. ct. Crim. R. 61.(b)(3.).

Furthermore Judge Vaughn, specifically classified the V.O.P rule 61 motion as concerning the V.O.P. judgment of conviction alone. please see, reply exhibit (D.), Separate rule 61 motions, must be filed, to attack separate judgments of conviction, thus, pursuant to, Rule, 61.(b)(3) defendants motion clearly is not repetitive, and is not barred, the commissioners report is in clear error.

(5.) In objection to the commissioners (report page 4.) which claims in error, that defendant, failed to meet requirements of rule 61 (i)(3), Defendant contends that, Rule 61,(i)(3.) does not apply, specifically because the time of the breach, and the U.S.C.A. 6th, and 14th violations, warrant this motion to be heard

A-70

pursuant to rule, 61.(i)(5.), because the plea agreement was accepted based on the specific promise, that the state later breached,(caused) a miscarriage of justice that must be corrected. R. 61(i)(5.)

The commissioners report never addressed the facts cited by the defendants memorandum of law, and reply brief, which show that this motion must be heard pursuant to Super.ct. crim. R. 61.(i)(5.) which make inapplicable the bars bars of Rule 61.(i)(1. 2. & 3. )

(6.) In Objection to report page 7.

Defendant contends that, the plea was "voluntary" only because of the promise made, at that time, and because the promise was later breached on "12-10-03", that made the plea deal "void", (and once breached involuntary at that point.) (only)

If the plea agreement was accepted based on the promise made, and not made clear within the agreement form, then it's only reasonable, and in fact, had it not been but for the specific promise, the plea would not have been accepted. which is indeed prejudice, and because the promise was breached and used pursuant to 11. Del. code § sec. 4214(b) is also prejudice, to defendant.

Plea counsel was ineffective in not knowing defendants status at that time, see, U.S. vs. Booth 432 F.3d 542 C.A. 3. Pa(2005). Defendant was clearly not an habitual offender at that time of the "3-4-99" plea agreement, promise.



Defendant contends that his reasonable understanding could only be that the promise made, ~~a~~ only applied to, any use of this conviction ever, pursuant to 4214(b.), and in fact defendant contends that was indeed the "specific promise" made to him, then later breached by the ~~state~~, D.A.G. Jason C. Cohee, on "12-10-03".

What "is indeed clear", is that a promise was made as part of the plea agreement, which was not placed in written form. What "is not clear" is that, if the promise ~~a~~ applied only to the use at that time, or if it applied to the conviction ever being used pursuant to habitual status, fact is that, at that time, that wasn't defendants ~~status~~ at all, therefore it ~~couldn't~~ couldn't apply to then, to be part of the plea agreement.

Defendant has cited that due-process requires any unclearness within a plea agreement to be resolved against the state, the commissioners report clearly ignored that federal law. U.S.C.A. 14th

The requested relief is indeed required.

Objection Concluded.

Respectfully Submitted

Dated, "4-12-07".                    _Fred T. Caldwell_

A-72.

**[9] Criminal Law ☞273.1(2)**
110k273.1(2) Most Cited Cases

A plea agreement, interpreted as a contract, is "ambiguous" if it is capable of more than one reasonable interpretation.

**[10] Criminal Law ☞273.1(2)**
110k273.1(2) Most Cited Cases

When faced with an ambiguous plea agreement, a court must look to extrinsic evidence that may evince the parties' intent.

**[11] Criminal Law ☞273.1(2)**
110k273.1(2) Most Cited Cases

When a court interprets an ambiguous plea agreement and extrinsic evidence does not resolve the ambiguity, then the court construes the ambiguity against the drafter.

A-73.


Page 6.#

# Certificate of Service

I, _Fred T. Caldwell_ , hereby certify that I have served a true

and correct cop(ies) of the attached: _Objection to commissioners report, &_

_recommendations._ upon the following

parties/person (s):

TO: _Prothonotarys Office_   TO: _____

_Kent County Superior Court_   _____

_Kent County Courthouse_   _____

_38 The Green_   _____

_Dover, Delaware 19901._   _____

TO: _Jason C. Cohee, esq D.A.G._   TO: _____

_Department of Justice_   _____

_102 W. Water Street_   _____

_Dover, Delaware_   _____

_19904_   _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this _12th_ day of _April_ , ~~2006~~ 2007.

_Fred T. Caldwell_

_A -74._

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE ·

IN AND FOR KENT COUNTY

STATE OF DELAWARE,         :

                           :      K98-05-0018-01-R2

v.                  :      I.D. No. 9804006339

                           :

FRED T. CALDWELL,        :

                           :

Defendant.           :

## **ORDER**

On this 29th day of August, 2007, upon consideration of the Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

The Defendant, Fred T. Caldwell, pled guilty on March 4, 1999 to one count of Burglary in the First Degree under former Superior Court Criminal Rule 11(e)(1)(c). Caldwell was also facing one count of Possession of a Deadly Weapon During the Commission of a Felony, one count of Possession of a Deadly Weapon by a Person Prohibited, one count of Possession of a Weapon With a Removed or Obliterated or Altered Serial Number, one count of Assault in the Second Degree and one count of Reckless Endangering in the First Degree ("the additional charges"). In exchange for Caldwell's guilty plea, the State entered a *nolle prosequi* on the · additional charges and agreed to recommend a sentence of three years of incarceration, suspended after serving nine months at Level V for two years of probation.

The Court agreed with the recommendation in the plea agreement and Caldwell was sentenced as set forth above. In July 2002, Caldwell was found in violation of



*State v. Fred T. Caldwell*
I.D. No. 9804006339
August 29, 2007

his probation and re-sentenced to two years incarceration, suspended after completion of the Key program for six months at Level IV work release followed by three months at Level III.

Caldwell did not appeal his conviction or sentence to the Delaware Supreme Court. Instead, Caldwell filed the pending Rule 61 Motion more than six years after his guilty plea and more than three years after his violation of probation sentence. Caldwell's Motion raises two grounds for relief. The two grounds are essentially the same claim. That claim is that he was promised by the Prosecutor and his counsel that in exchange for his guilty plea, the State would promise never to use the Burglary conviction for purposes of establishing Habitual Offender status in the future.[1]

The matter was referred to the Court Commissioner for findings of fact and recommendation pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62. The Commissioner has filed a Report and Recommendation recommending that the Court deny the Defendant's Motion for Postconviction Relief. The Defendant objected to the Commissioner's Report.

**NOW, WHEREFORE,** after careful *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation dated April 5, 2007,

---

[1] Caldwell was declared a Habitual Offender in 2003. The State utilized his conviction on this Burglary charge in establishing him as a Habitual Offender.

2

A-76.

*State v. Fred T. Caldwell*
I.D. No. 9804006339
August 29, 2007

**IT IS ORDERED** that the Commissioner's thoughtful and well-reasoned Report and Recommendation is adopted by the Court and Fred T. Caldwell's Motion for Postconviction Relief is *denied* as procedurally barred.

_____
R.J.

WLW/dmh
oc:    Prothonotary
xc:    Order Distribution

3

A-77.



**JOSEPH R. BIDEN, III**
**ATTORNEY GENERAL**

**DEPARTMENT OF JUSTICE**
KENT COUNTY
102 WEST WATER STREET
DOVER, DE 19904

CRIMINAL DIVISION (302) 739-4211
FAX (302) 739-6727
CIVIL DIVISION (302) 739-7641
FAX (302) 739-7652
TTY (302) 739-1545

April 27, 2007

The Honorable William L. Witham, Jr.
Resident Judge
Superior Court
Kent County Courthouse
38 The Green
Dover, DE 19901

RE:    State v. Fred Caldwell (9804006339)

Dear Judge Witham:

The State does not feel it needs to respond specifically to the above-referenced Defendant's Appeal from Commissioner's Findings of Facts and Recommendations. The State relies on its earlier submission in this matter. Thank you for your time and consideration.

Respectfully submitted,

Jason C. Cohee, Esq.
Deputy Attorney General

cc:    Fred Caldwell (DOC)
       Prothonotary

jcc:

$A$-78.

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

[1] _Fred T. Caldwell_ ,

    [2] _Defendant_ Below,
Appellant,

    v.

[3] _State of Delaware_,

    [4] _Plaintiff_ Below,
Appellee.

No. [5]_____, 200__

### NOTICE OF APPEAL

To: [6] ~~Frederich Reese Esq.~~
    Jason C. Cohee D.A.G. Dept. of Justice,
    102 W. Water Street, Dover Delaware 19904.

PLEASE TAKE NOTICE that [1] _Fred T. Caldwell_ ,

[2] _Defendant_ below-appellant, does hereby appeal to the

Supreme Court of the State of Delaware from the [7] _Denied Rule 61, motion order_ of the

~~Court of Chancery / Family Court / Court of common pleas.~~

[8] _Superior court_ , in and for [9] _Kent_ County, by

[10] _Judge William L. Witham Jr._ dated [11] _August 29th 2007._ ,

in [12] ~~# 9804006339~~ _Case-3-4-99. Id._ in that court. A copy of the decision sought to be

reviewed is <u>attached hereto.</u> [13] ✓

Form revised 2/26/04
g:\public\forms\notice of appeal

A-79.

The name and address of the attorney below for appellee is
Jason C. Cohee, D.A.G. 102. W. Water st. Dover, DE. 19904

[6] ~~the address of the whom process~~ . The party against whom the appeal

is taken is [3] State of delaware / superior court order, Aug. 29, 2007, Attached, Stephen R. welch D.A.G. Dept. of justice kent County.
along with the commissioners recommendation.

The name and address of the attorney below for the party against whom the

appeal is not taken is [14] Defendant is pro-se . The party against whom

the appeal is not taken is [15] Fred T. Caldwell .

PLEASE TAKE FURTHER NOTICE that appellant hereby designates the

transcript in accordance with Rules 7(c)(6) and 9(e)(ii) in the following manner:

[16] No other transcripts are needed for this
Appeal, all exhibits necessory will be attached.

[or]    [17]_____

Dated:    9-7-07 .    Fred T. Caldwell. SBI.# 213476
Delaware Correctional Center
1181 Paddock Road, Smyrna Delaware
**Name and Address of Appellant**    19977.

[18] Fred T. Caldwell

Attorney for [1] Fred T. Caldwell Pro-se.

[2] Defendant Below-Appellant

Form revised 2/26/04
g:\public\forms\notice of appeal    -2-

A-80.

## CERTIFICATE OF SERVICE

I, _Fred T. Caldwell_____,
        **(name)**

hereby certify that two copies of the
_Notice of appeal, from the Superior court order,_
     **(title of document)**           _dated Aug 29, 2007._

were served by hand delivery (first class mail) on this __7^th__ day of
     **(circle the appropriate choice)**

_September_____    _2007_   upon the following
    **(month)**             **(year)**

person(s):

      Supreme Court Clerk,   Jason C. Cohee D.A.G.
                                 Department of Justice
                                 102 W. Water Street.
                                 Dover, Delaware.
                                      1 9907

**Date:** _9 - 7 - 07_____

_Fred T. Caldwell_____
          **(signature)**

## Certificate of Service

I, _Fred T. Caldwell_ , hereby certify that I have served a true
and correct cop(ies) of the attached: _Notice of Appeal of the_
_Superior court order, dated Aug, 29, 07._ upon the following
parties/person (s):

TO: Supreme Court Clerk       TO: _____
P.O. BOX 476
Dover, DE
19903

TO: Jason C. Cohee D.A.G. TO: _____
Dept. of Justice
102 W. Water Street
Dover, Delaware
19904.

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road,  Smyrna, DE
19977.

On this ___7th___ day of ___September___ , 2007.

_Fred T. Caldwell_

A-82.

Riley v. State, 2006 WL 58826

Del.,2006

The Supreme Court reviews de novo whether police possessed reasonable articulable suspicion to stop a person. U.S.C.A. Const.Amend. 4.

**H**

U.S. v. Jacobs, 431 F.3d 99

C.A.3.Del.,2005

Whether a person was "in custody" for the purposes of Miranda, and whether a statement was "voluntary" for the purposes of a motion to suppress, are conclusions reviewed de novo.

▷

U.S. v. Doe, 2005 WL 3117202

C.A.3.N.J.,2005

Court of Appeals exercised de novo review over issues of law underlying federal district court's application of attorney-client privilege, and reviewed for abuse of discretion district court's application of that law.

**H**

Smith v. State, 887 A.2d 470

Del.,2005

Where the facts are not in dispute and only a constitutional claim of whether probable cause exists to issue search warrant is at issue, Supreme Court's review of the Superior Court's ruling regarding such claim is de novo. U.S.C.A. Const.Amend. 4.

**H**

Colo v. State, 922 A.2d 354 

Del.,2005

Supreme Court looks to contract law for the applicable standard of review of issues arising from plea agreements, reviewing de novo for legal error a trial judge's interpretation of such contract language and reviewing for abuse of discretion a trial judge's ruling concerning question of fact regarding existence or nonexistence of an oral contract.

**H**

Steckel v. State, 2005 WL 2179234

Del.,2005

The Supreme Court reviews claims challenging the constitutionality of a statute de novo.

**H**

Starling v. State, 2005 WL 2475756

Del.,2005

Supreme Court reviews a claim that the State failed to disclose exculpatory evidence de novo.

**H**

Starling v. State, 2005 WL 2475756

Del.,2005

Supreme Court reviews a statute's constitutionality de novo.

**H**

Wien v. State, 35 Envtl. L. Rep. 20156

Del.,2005

Supreme Court reviews questions of statutory construction de novo.

**H**

Wien v. State, 882 A.2d 183

Del.,2005

$A$-91.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

immunity agreements, to extent they require defendants to sacrifice constitutional rights.

**C**

U.S. v. Pletcher, 164 Fed.Appx. 208

C.A.3.Pa.,2005

Government's recommendation that sentencing court deny defendant credit at sentencing for acceptance of responsibility did not breach plea agreement, where government promised to recommend such credit only if defendant demonstrated acceptance of responsibility, and defendant admitted to repeated violations of conditions of his pre-sentencing release.

**H**

U.S. v. Floyd, 2005 WL 2993945

C.A.3.Pa.,2005

The defendant bears the burden of establishing by a preponderance of evidence that the Government has violated a plea agreement.

**H**

U.S. v. Floyd, 2005 WL 2993945

C.A.3.Pa.,2005

In determining whether the government violated a plea agreement, the court must determine whether the government's conduct is inconsistent with what was reasonably understood by the defendant when entering the plea of guilty.

**H**

U.S. v. Floyd, 2005 WL 2993945

C.A.3.Pa.,2005

Any ambiguities in a plea agreement must be construed in favor of the defendant; in view of the government's tremendous bargaining power, courts will strictly construe the text against it when it has drafted the agreement.

**H**

U.S. v. Floyd, 428 F.3d 513

C.A.3.Pa.,2005

Under plea agreement providing that government may request downward departure if defendant provided substantial assistance, government was required to consider whether defendant's assistance merited departure, and thus defendant was entitled to evidentiary hearing on whether her assistance was substantial enough to warrant motion for downward departure; government did not act in good faith by failing to recommend departure on ground that charge bargain turned out to be more favorable than originally anticipated, may request language did not signify that government had complete discretion, and government entered agreement aware that it possessed limited knowledge of potential sentencing guideline range.

**H**

Cole v. State, 922 A.2d 354

Del.,2005

Covenant of good faith and fair dealing is implied in plea agreements and any other agreements into which State and defendant may enter.

**H**

Cole v. State, 922 A.2d 354

Del.,2005

Agreements between a criminal defendant and the State should be in writing or made on the record before the court, to reduce the potential for after-the-fact confusion and obviate necessity for holding hearing to determine whether agreement existed and, if so, what its terms were.

**H**

A-92.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Cole v. State, 922 A.2d 354

Del.,2005

Plea agreements are undertaken for mutual advantage and governed by contract principles.

**H**

Cole v. State, 922 A.2d 354

Del.,2005

Supreme Court looks to contract law for the applicable standard of review of issues arising from plea agreements; reviewing de novo for legal error a trial judge's interpretation of such contract language and reviewing for abuse of discretion a trial judge's ruling concerning question of fact regarding existence or nonexistence of an oral contract.

**H**

State v. Munden, 2005 WL 3758522

Del.Super.,2005

Defense counsel's statement at trial for driving under influence (DUI) that it had a "done deal" with State on plea to reckless driving, without more, did not indicate that any plea agreement was executed or even offered.

**H**

State v. Munden, 2005 WL 3758522

Del.Super.,2005

The State may withdraw from a plea bargain agreement at anytime prior to, but not after, the actual entry of the guilty plea by the defendant or other action by him constituting detrimental reliance upon the agreement.

**H**

U.S. v. Craft, 139 Fed.Appx. 372

C.A.3.Pa.,2005

Government did not breach plea agreement, under which defendant agreed to plead guilty to causing death of a person through use of a firearm in exchange for government's agreement to drop all other charges, by alleging in superseding information that offense involved a murder, not manslaughter; defendant manifested a clear intent to plead guilty to murder charge in open court. 18 U.S.C.A. § 924(j).

**H**

U.S. v. Hodge, 2005 WL 1501492

C.A.3.V.I.,2005

The government must adhere strictly to the terms of the bargains it strikes with defendants.

**H**

U.S. v. Hodge, 2005 WL 1501492

C.A.3.V.I.,2005

Because defendants entering pleas forfeit a number of constitutional rights, courts are compelled to scrutinize closely the promise made by the government in order to determine whether it has been performed; the question for a reviewing court is whether the government's conduct is consistent with the parties' reasonable understanding of the agreement.

**H**

U.S. v. Hodge, 2005 WL 1501492

C.A.3.V.I.,2005

Government breached plea agreement with defendant, in which the government promised to "make no specific sentencing recommendation other than to request that the sentence be within the guideline range," by stating at sentencing that "the community at large [had] to wonder, once defendant's sentence is completed and he's released back into the community, whether he made a genuine change or not," implying that defendant should not be released back into the community, and by adding that defendant "had his chance to be a positive influence

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A-93.

## Certificate of Service

I, _Fred T. Caldwell_____, hereby certify that I have served a true

and correct cop(ies) of the attached: _Appendix in, Caldwell vs. State,_

_Appeal, No.# 478, 2007._____ upon the following

parties/person (s):


TO: _Supreme Court Clerk._  TO: _____

_P.O. Box 476_____  _____

_Dover, Delaware_____  _____

_____ · _19903_  _____

_____  _____


TO: _John R. Williams, Esquire_ TO: _____

_Department of Justice_  _____

_102 W. Water Street_  _____

_Dover, Delaware_  _____

_____ ~~1998~~ 19904._  _____


BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this _22nd_ day of _November_____, 2007.

_Fred T. Caldwell_